———————•———————

BEN?AMIN F. SHAW COMPANY, a corporation of the State of Delaware, Employer, Defendant Below, Appellant, *vs.* JOHN EARL PALMATORY and MAY PALMATORY, Dependents of Earl Palmatory, deceased, Claimants, Plaintiffs Below, Appellees.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—DEPENDENTS.
Persons in the enumerated classes in *Workmen's Compensation Law*, § 104, *par.* 8, may be wholly or partially dependent on the employe and come within the contemplation of the provisions, if dependency existed at the time of the injury.
One claiming to be a "dependent" under the *Workmen's Compensation Act*, § 104, *par.* 8, must show that the contributions of a deceased employe were relied upon for his living, judging this by the position in life of the claimant, mere receipt of contributions to maintain in idleness those who are able and have the capacity to provide for themselves not making them dependents.

2. MASTER AND SERVANT—WORKMEN'S COMPENSATION LAW—DEPENDENCY—"SUPPORT."
"Support," as applied to "dependency" under *Workmen's Compensation Law*, § 104, *par.* 8, is broader than food, clothing, and shelter, and includes all such means of living as would enable a claimant to live in the degree of comfort suitable and becoming to his station of life, but does not include luxuries.

3.  MASTER AND SERVANT—WORKMEN'S COMPENSATION LAW—DEPENDENCY.

The condition of health of a claimant under *Workmen's Compensation Law*, § 104, *par.* 8, and the need for medicines and medical attention are subjects proper for consideration in determining the question of dependency.

4.  MASTER AND SERVANT—WORKMEN'S COMPENSATION LAW—DEPENDENCY—BURDEN OF PROOF.

While dependency under the *Workmen's Compensation Law*, § *104, par.* 8, may involve principles of law, dependency is a question of fact, and the burden of proving it rests upon him who claims it.

5.  MASTER AND SERVANT—WORKMEN'S COMPENSATION LAW—DEPENDENCY—SUFFICIENCY OF EVIDENCE.

In a proceeding under the *Workmen's Compensation Law*, evidence *held* sufficient to sustain a finding that claimants, the father and mother of deceased, were dependent within the meaning of *section* 104, *par.* 8.

*(January 29, 1919.)*

BOYCE and RICE, J. J., sitting.

*H. H. Ward* (of Ward, Gray and Neary) for appellant.

*Levin Irving Handy* for appellees.

Superior Court for New Castle County, January Term, 1919.

APPEAL, No. 113, November Term, 1918.

Appeal from award of Industrial Accident Board of the State of Delaware, New Castle County, No. 3784 (November 6, 1918).

Proceedings under the Workmen's Compensation Act by John Earl Palmatory and May Palmatory, to obtain compensation for the death of Earl Palmatory, a son, opposed by the Benjamin F. Shaw Company, a corporation, the employer. There was an award of compensation by the Industrial Accident Board. The employer appeals to the Superior Court. Award sustained.

The appeal was heard by the Superior Court on the record of the proceedings before the Industrial Accident Board sent up to the court on citation under *Rule* 86A, of said court.

The ground of the appeal was that the testimony before the said board contained in the record sent up, did not show proof of the dependency of the appellees upon Earl Palmatory, their deceased son. There were no questions raised as to the regularity of the proceeding before the board. The facts on which the appeal was based sufficiently appear in the opinion of the court.

Statement.

The provision of the statute under which the proceeding was had before the board is *Code*, § *3193k, section* 104, *paragraph* 8, 29 *Laws of Del.* 763 (771), and is quoted in the opinion of the court.

The board found that there was neither widow, widower or children of the deceased. He was survived by his father and mother who were joint claimants. The question was whether they were dependent to any extent upon their son, the employee of the appellant, for support at the time of his death.

It was argued by counsel for the appellant that the inquiry is limited to the time of the death of the decedent. The following cases were cited as containing acceptable definitions of dependency under the statute: *Dazy v. Apporang Co.*, 4 *N. C. C.* 594; *Simmons v. White Bros.*, 1 *Q. B.* 1005; *In re Hora, vol.* 1, *No. 7, Bul. Ohio Indus. Com.* 173 (*Nov.* 5, 1914); *Blanton v. Wheeler & H. Co.*, 91 *Conn.* 226, 99 *Atl.* 494, *Ann. Cas.* 1918B, 747; *Gherardi v. Conn. Co.*, 92 *Conn.* 454, 103 *Atl.* 668.

The mere fact that the parent receives money from his son and spends it in support of the family is not alone sufficient to establish a claim of dependency under the *Workmen's Compensation Law* (29 *Del. Laws, c.* 233). *Main-Colliery Co. v. Davies*, 69 *L. J. Q. B.* 765, 6 *N. C. C. A.* 243; *Rolin Tomalvage et ux. v. Lehigh Valley Coal Co.*, 3 *Workmen's Compensation Sup. Department Reports of Penna.* 1447; *Nicola Donettit v. Berwinde White Coal Mining Co.*, 3 *Workmen's Compensation Sup. Department Reports of Penna.* 15; *Harry Johnson v. Bethlehem Steel Co.*, vols. 1, 2, 3 *Workmen's Compensation Sup. Department Reports of Penna.* 2181; *Micanko v. Rochester & Pittsburgh Coal & Iron Co. Dist. No.* 6, *Claim Petition No.* 5483, Reported in the Legal Intelligencer.

Counsel for the appellees contended that the award of the Industrial Accident Board should not be disturbed because the facts contained in the record justified the finding of the board; and that the vital question was, whether the appellees relied upon the contributions made by the son in their mode and manner of living. *Bradbury's Compensation*, 315; 13 *Neg. Con. Cases*, 318,

319, 325; *Krauss v. Fritz & Son*, 87 *N. J. Law*, 321, 93 *Atl.* 578, *L. R. A.* 1916*A*, 123, 249 (251); *Conn. Com. Dig.* (1914) 16; *Pa. Workmen's Com. Bd.* (1916) 74, 106, 286.

RICE, J., delivering the opinion of the court:

This is an appeal by the Benjamin F. Shaw Company from the finding of the Industrial Accident Board that John Earl Palmatory and May Palmatory were dependent to some extent upon Earl Palmatory, the decedent, for support at the time of his death.

It is admitted "that on the thirteenth day of September, A. D. 1918, Earl Palmatory, who at the time was living at No. 304 Monroe street, Wilmington, Delaware, sustained a personal injury while in the employ of the Benjamin F. Shaw Company, by an accident arising out of and in the course of said employment within the state of Delaware, and as the result of said accident the said Earl Palmatory died on the said thirteenth day of September, A. D. 1918."

Earl Palmatory lived with his father and mother and the family included another son aged twenty-four years, now in France, and a daughter thirteen years of age. The daughter attended school and was not employed.

The decedent at the time of the accident was a minor in his eighteenth year. He had worked since he was nine years of age and for some time previous to his death had been earning on an average of twenty-one dollars and sixty cents per week. He had, since going to work, always given all his wages to his mother who would give him spending money and purchase his clothes.

The mother used the rest of the money received from her son to pay the rent amounting to nine dollars per month, to dress his sister, to pay the household expenses, and infrequently to pay the store bills.

John Earl Palmatory, the father, earned between twenty-five and thirty dollars per week and used his money to pay the store and fuel bills and provide clothing for himself, and sometimes he gave money to his wife. The father did not state what

he did with the balance of the money. He testified that the family could not have lived as they had if Earl had not contributed to their support.

May Palmatory, the mother, had been working for three months prior to her son's death and she had earned thirteen dollars and sixty cents per week. Her health has been poor since a month before the accident to Earl, and since his death she has not been able to work. She saved no money and what she earned and received from her husband and son was spent for household expenses and clothing.

*Code,* § 3193*k, section* 104, *par.* 8, 29 *Laws of Delaware* 763 (771) the *Workmen's Compensation Law* provides:

If there be neither widow, widower nor children, then to the father and mother, or the survivor of them, if dependent to any extent upon the employee for support at the time of his death, twenty per centum of wages.

[1]   Persons in the enumerated classes may be wholly or partially dependent on the employee and come within contemplation of the provisions of this section if the dependency existed at the time of the injury. The question arises what may be considered dependency? The term has frequently been defined by the courts of this country and of England and we think it   not possible to state a complete and exhaustive definition of the word as used in *Workmen's Compensation Laws;* but the definition stated by the court in the case *In re Hora, vol.* 1, *No.* 7, *Bul. Ohio Industrial Commission,* 173, is as satisfactory as any we have seen. The court in that case defined dependency to be "dependent for the ordinary necessities of life, for a person of that class and position in life, taking into account the financial and social position of the recipient."

[2]   It is not sufficient that the contributions of the employee were used in paying the living expenses of the claimant but it must be shown that the contributions of the employee were relied upon by the dependent for his or her means of living judging this by the class and position of life of the dependent. *Powers v. Hotel Bond Co.,* 89 *Conn.* 143, 93 *Atl.* 245.

The fact that a man is by his best efforts able to provide his family with the bare necessities of life would not prevent him from being a dependent under our statute for the words of the statute convey a much broader meaning than this. On the other hand, the mere fact that contributions had been made by the deceased workman to a claimant who had the health and ability to support himself and family by his own reasonable efforts but did not do so, would not constitute the claimant a dependent for it was not the intent of the Legislature to maintain in idleness at the expense of the employer those who are able and have the capacity to provide for themselves and have no appealing reason for not so doing.

[3, 4] So many facts may be considered, in determining the question whether under paragraph eight a claimant may or may not be considered a dependent, that, on the one side, it would be impossible to state all the circumstances under which one in the enumerated classes would be considered a dependent, and on the other side, to state all the circumstances under which he or she would not be considered a dependent. Each particular case must be decided upon the facts and circumstances of the case, existing at the time of the injury. However, the test of dependency generally speaking is whether the claimant relied upon the employee's contributions for his support wholly or partially judging this by what would be reasonable living expenses for persons in the same class and position. Support as used within the meaning of the statute is of a broader import than food, clothing and shelter and may include many things besides these. It includes all such means of living as would enable the claimant to live in a style and condition and with a degree of comfort suitable and becoming to his station of life. What would be considered a reasonable support for one family might be a bare existence for another of a different class and position. The same things which would constitute means of living for persons in one class or position might mean luxuries for those of another class. We believe it was not the intention of the Legislature to provide for luxuries. The condition of health of a claimant and the need for medicines

and medical attention are subjects proper for consideration in determining the question of dependency for support.

[5] While the question of dependency may involve principles of law, the fact remains that dependency is a question of fact to be determined from all the circumstances of the case and the burden of proving it rests upon him who claims it.

In the case now before us on appeal the evidence taken before the Accident Board is not of an altogether satisfying character. Their and our task might have been considerably lightened if the board has interrogated the claimants and brought out in greater detail the amounts expended by the members of the family and necessary for their support. The members of the board probably were reluctant to do this by reason of the fact that the claimants were represented by counsel, but this should never prevent them from eliciting from the witnesses testimony in respect to relevant and pertinent facts concerning which it is desirable for the board to have full information before passing on the question of dependency and support. They should seek to obtain from the witnesses full information concerning matters before them for determination whether the claimants are or are not represented by an attorney, as they are authorized by *section* 3193q (*section* 110).

[6] While, as we have stated, the evidence was not of an altogether satisfactory nature yet we are of the opinion that the evidence before the board, as disclosed by the record, was sufficient to warrant the board in finding the claimants dependent to some extent on the employee for support. It appears from the record that the needs of the family were moderate and while it may be said that the family were not very methodical in matters pertaining to money yet there was no evidence to show that the family lived extravagantly. The mother, in making her estimates, on the limited number of items entering into the support of the family about which she was questioned, must have understated rather than overstated them. She had been able to save nothing notwithstanding the fact that she had been working for three months, and, although she had been unwell for a month prior to her son's death, she had continued to work. She also stated that on account of her condition of health she had not been able

to work since. It does not appear from the record what the father did with his money remaining after paying the store, fuel and his clothing bills, and it would have been of some assistance in deciding this case if he had been questioned concerning this. However, the money remaining in his hands after paying the bills he always paid was not over five or ten dollars a week and this would not be nearly sufficient to make up if used in the support of the family what they lost when the son ceased to contribute to the support of the family on account of his death.

The finding of the Industrial Accident Board is sustained.