FRED RUDNICK and LENA RUDNICK, dependents of Jacob Rud-
nick, deceased, Claimants, vs. WHITE BROTHERS, Employer.

1.   MASTER AND SERVANT—FINDING THAT PARENTS OF DECEASED WERE
NOT DEPENDENT WITHIN COMPENSATION ACT, HELD WARRANTED.

In a proceeding by the parents of a deceased employe under the Work-
men's Compensation Act, held, though decedent gave his mother practically
all of his wages, yet, as the father was only 42 years old, in good health, and
able to follow his occupation, and the sister, earning $120 a month, con-
tributed nothing to the support of her parents, a finding that the parents
were not dependent was warranted.

2.   APPEAL AND ERROR—VERDICT NOT SET ASIDE AS AGAINST EVIDENCE, IF
THERE IS TESTIMONY TO WARRANT IT.

Verdict is never set aside as against the evidence if there is any testimony
which could reasonably warrant it.

3.   MASTER AND SERVANT—AWARD UNDER COMPENSATION ACT TREATED
BY COURTS AS VERDICT.

An award by the Industrial Accident Board under the Workmen's
Compensation Act will be treated as having the same force as a verdict, and
will not be disturbed, if supported by evidence.

(*May* 13, 1920.)

PENNEWILL, C. J., BOYCE and CONRAD, J. J., sitting.
*Philip L. Garrett* for claimants.
*William S. Hilles* for Employer.
Superior Court for New Castle County, March Term, 1920.

APPEAL No. 143, to the pending November Term, 1919.
Proceeding under the Workmen's Compensation Act (*Rev.
Code* 1915, §§3101-3193) before the Industrial Accident Board
(No. 9026, November 15, 1919), by Fred Rudnick and Lena
Rudnick to obtain compensation for the death of Jacob Rudnick,
their son, against White Brothers., the employer.   The Industrial
Accident Board disallowed the claim for compensation, and the
claimants appeal.   Award sustained.

The reasons assigned for the appeal are briefly:   It appears
from the decision and judgment of the board:   (1) That the
claimants and appellants were dependents of the deceased; (2)
that a full hearing of all the material facts bearing upon the claim
was not had before the board; and (3) that the board applied
a test which is erroneous as a matter of law, namely, whether

or not the claimants could support life without the contributions of the deceased.

A majority of the board found that the claimants "were not dependent to any extent upon Jacob Rudnick for support at the time of his death."

Under the statute and rule of court, appeals from the Industrial Accident Board are heard by the court from the record of the proceedings before the board, without the aid of a jury. *Section* 111 (*Code,* § 3193r) 30 *Del. Laws,* 540.

For the appellants the record was relied on to sustain the several grounds of appeal.

For the appellee it was urged: (a) That dependency under the act cannot be presumed, but must be established to the satisfaction of the court, and the board having found as a fact that dependency did not exist, the court should not reverse the finding, *Bradbury's Workmen's Compensation, pp.* 1071, 1076, 1082, 1084, 1089, 1091, 1094, 1096, and 1098; (b) that the record fails to disclose that the board omitted to receive or consider any testimony offered, or what material fact bearing upon the claim was not heard by that board; and (c) that it appears that the board did not apply the test of whether or not the claimants could support life without the contributions of the deceased, but on the contrary said:

"The test of dependency is not whether the family could support life without the contributions of the deceased, but whether they depended upon them as a part of their income or means of living."*Shaw Co. v. Palmatory,* 7 *Boyce,* 197, 105 *Atl.* 417; 13 *Neg. Cas.* 315 (*note,* 315 to 333).

The general character of the testimony on the question of dependency is sufficiently shown in the opinion of the court.

*Per Curiam:*—[1] While the case before the court is very much like the case of *Shaw Co. v. Palmatory,* 7 *Boyce,* 197, 105 *Atl.* 417, in its facts, we think there is sufficient dis-similarity to distinguish the one from the other.

In the Palmatory Case, in which the board found there was dependency, the testimony on material points was reasonably definite and clear, while in the present case it is exceedingly vague and uncertain. It does not appear how much the father

made in his business, or why he did not contribute more to the support of his family. While it was shown that practically all of the son's wages were given to his mother it is not clear that any part was required or used for the actual support of his father and mother. The son was living at home and we do not know how much of his income was used for his own requirements, viz. for board, clothing, insurance and other expenditures. There was really no proof of dependency except the assertion of the father and mother, uncorroborated by any other testimony, or any facts or circumstances from which the board could be clearly satisfied there was dependency.

Against the testimony that was given by the father, mother, and sister to show dependency, we have certain facts which strongly indicate there was no dependency within the meaning of the law, viz.:

The father is in the prime of life, forty-two years of age, in good health, and able to follow his occupation all the time; the mother is also well and strong, and the sister making her own living away from home, receiving one hundred and twenty dollars per month, and contributing nothing to the support of her parents. Presumably they were in no wise dependent on her wages. But the conclusion of the court in the present case can be reconciled with the decision in the Palmatory Case on another and more important ground.

[2, 3] We cannot agree with the contention made by counsel for the employer, that—

"If the board found as a fact that dependency did not exist this court cannot review or reverse the finding of fact thus made."

The question of dependency is not entirely one of fact. But we do think that where the board has found and determined that dependency did not exist this court should not reverse that finding unless it clearly appears that under the testimony it could not be reasonably made. This court should be as slow to reverse a decision of the Industrial Accident Board as it is to set aside the verdict of a jury in a civil cause. The verdict of a jury is never set aside, as being against the evidence, if there was any testi-

mony which would reasonably warrant the verdict. Such is the rule the court uniformly follows, and we think a rule equally as strong should be adopted in appeals from the Industrial Accident Board. Applying such a test it is manifest that the court were right in affirming the decision of the board in the Palmatory Case, and would be right in affirming the finding in the present case. It must be admitted that both were close cases on the facts, difficult for the court to decide with only the record before them, and under such circumstances the court should refuse to reverse the action of the board, who had the witnesses before them, just as they would refuse to set aside the verdict of a jury in a similar case.

The award of the board is affirmed, and the costs of the appeal are awarded and taxed against the appellees.