LOBDELL CAR WHEEL COMPANY, d. b. a., *vs.* ANTHONY SUBIELSKI, p. b. r.

1. MASTER AND SERVANT—WHETHER COMPENSATION CLAIMANT WAS GUILTY OF WILLFUL MISCONDUCT HELD REVIEWABLE AS MIXED QUESTION OF FACT AND LAW.

Whether failure of employee to wear goggles was willful misconduct, within *Workmen's Compensation Law* (*Rev. Code* 1915, § 3193jj, as amended by 29 *Del. Laws, c.* 233), in failing to use safety appliance provided for his protection, *held* reviewable as a mixed question of fact and law.

2. MASTER AND SERVANT—COMPENSATION CLAIMANT, FAILING TO WEAR GOGGLES, HELD GUILTY OF "WILLFUL" FAILURE TO USE SAFETY APPLIANCE.

Where claimant was ordered to wear goggles furnished by employer, and knew that the failure to use them was dangerous, his removal of them to rest his eyes, as the goggles were heavy, *held* willful failure to use a safety appliance within *Workmen's Compensation Law* (*Rev. Code* 1915, § 3193jj, as amended by 29 *Del. Laws, c.* 233); "willful," as used, meaning an act done intentionally, knowingly, and purposely, without justifiable excuse, as distinguished from an act done carelessly, thoughtlessly, heedlessly, or inadvertently.

3. MASTER AND SERVANT—"WILLFUL ACT" NEED NOT BE REPEATED OR CONTINUED.

In order to make an act of an employee a willful one, within *Workmen's Compensation Law* (*Rev. Code* 1915, § 3193jj, as added by *29 Del. Laws,c* 233), the act need not be a repetition of a prior act, nor must the willful misconduct be continued misconduct.

4. MASTER AND SERVANT—PROOF OF WILLFULNESS BY PREPONDERANCE SUFFICIENT.

The statute, which places the burden on an employer, in cases before the Industrial Accident Board, to show employee's failure to use a reasonable appliance is a willful act, only requires proof of the fact by the preponderance of the evidence.

5. MASTER AND SERVANT—APPELLATE COURT CANNOT PASS ON QUESTION OF FACT ON WHICH INDUSTRIAL ACCIDENT BOARD MADE NO FINDINGS.

The appellate court cannot pass on matters of fact until the Industrial Accident Board has made findings with respect to them.

(*March* 5, 1924.)

RICE AND HARRINGTON, J. J., sitting.

*Harry P. Joslyn* for defendant below, appellant.

*Henry R. Isaacs* for plaintiff below, respondent.

Superior Court for New Castle County, November Term, 1923.

Appeal frcm Industrial Accident Board, No. 245, September Term, 1923.

This is an appeal by the Lobdell Car Wheel Company from a decision of the Industrial Accident Board, awarding compensation to Anthony Subielski, the claimant, for the loss of an eye.

On April 19, 1923, Anthony Subielski, the claimant, was employed by the Lobdell Car Wheel Company. His work was grinding and chipping castings, with which work he was thoroughly familiar and experienced. On the morning of the accident he was taken frcm a machine known as a swing grinder, as it needed repairs, and put to work on a stationary grinder, chipping the castings by hand, using a cold chisel and hammer. With this work he was also perfectly familiar. He had been working from one to two hours when he felt something in his eye. He received first aid treatment and several pieces of sand or metal were removed from his eye. He continued to work during the day, receiving treatments several times. The next day he was sent to a doctor. The doctor attended him for several weeks, when it was found necessary to remove the injured eye.

The claimant testified through an interpreter that he could not read or write the English language and that his understanding of the language, when spoken, was limited; that goggles had been furnished him by his employer; that he had understood the order to wear such goggles always when working, and knew that it was necessary for him to wear them for his protection. He denied, however, that his foreman had ever given him such orders, or had instructed him in their use. He contended that he did not understand notices about the necessity of wearing goggles, which were posted, and had not looked at the posters depicting the frequent serious results of not wearing them; that he always wore goggles while working and was positive he had them on at the time of the accident; that he had never made a statement that he was not wearing them at the time; that the goggles furnished him and which he then wore were defective, and that such defects were the cause of his injuries. He admitted, however, that he had not informed his foreman of such defects.

The employer introduced evidence to show that the foreman furnished the claimant with new goggles in perfect condition when he entered the company's employ on the present occasion, about ten days before the accident, and that he was then ordered to use them at all times while working; that while it had been necessary to reprimand others for not wearing them, he did not recall that he had ever seen the claimant without goggles while working during his employment with the company; that signs were posted directing the employees to wear goggles as well as posters showing the serious accidents likely to happen if not used; that he had not seen the claimant for from one to two hours preceding the accident; that immediately after the accident the claimant, upon inquiry, stated that he had taken off the glasses to rest his eyes, because they were heavy; that meetings of the workmen were held from time to time to instruct the men in the use of safety devices and to inform them of the necessity for their use, and the dangers impending by failure to comply with orders of the company; that the order to wear goggles was repeatedly violated, but when any person was seen not wearing them he was directed to cease work

32 Del.]  LOBDELL CAR WHEEL Co., d.b.a., vs. SUBIELSKI, p.b.r.  465

Opinion.

·in order to put them on before again proceeding; that on one occasion a man was dismissed by reason of his failure or refusal to ·wear goggles; that the claimant did understand the English language sufficiently to know what was said to him and for him to understandingly reply.

The employer contended at the hearing before the Industrial Accident Board, and here contends, that the claimant was not entitled to compensation because he had at the time of the accident willfully failed or refused to use a safety appliance (goggles) furnished him by the employer for his protection. The employee insisted that he was wearing the goggles at the time of the accident, but that they were defective and that his injuries were caused by such defects. The Industrial Accident Board, without passing upon the fact as to whether the employee was or was not wearing goggles at that time, and whether they were defective and his injuries were caused by such defects, held that the claimant, even if he was not wearing the goggles then, was not guilty of willful failure or refusal to wear a safety appliance furnished him by the employer, and was, therefore, entitled to compensation for the loss of his eye.

RICE, J., delivering the opinion of the court:

[1] The question presented by the record is whether or not the claimant (granting that he did not wear goggles at the time of the accident) was guilty of willful failure or refusal to use a safety appliance provided for his protection by the employer. Under the authority of the case of *Rudnick v. White Bros.*, 7 *Boyce* 576, 109 *Atl.* 881, the question seems to be a mixed one of law and fact, and the claimant does not otherwise contend. In determining whether or not an injury to an employee has or has not been due to willful misconduct requires that certain principles of law be applied to the facts of the case, and, therefore, the determination of the question would appear to be a conclusion of law, and the question in its entirety to be a question of both law and fact. If the question presented should be one of fact alone, this court in an appeal from a decision of the Industrial Accident Board would

not disturb the finding of the board, if there was sufficient evidence to reasonably support the finding of the board. *Benjamin F. Shaw Co. v. Palmatory et al.*, 7 *Boyce* 197, 105 *Atl.* 417; *Rudnick v. White Bros.*, 7 *Boyce* 576, 109 *Atl.* 881; *Shockley v. King*, 1 *W. W. Harr.* (31 *Del.*) 606, 117 *Atl.* 280.

[2] *Section* 3193jj of the Code of 1915, *Section* 129 of the *Delaware Workmen's Compensation Law of* 1917, provides:

"If any employee be injured as a result of his intoxication, or because of his deliberate and reckless indifference to danger, or because of his willful intention to bring about the injury or death of himself, or of another, or because of his willful failure or refusal to use a reasonable safety appliance provided for him, or to perform a duty required by statute, he shall not be entitled to recover damages in an action at law, or compensation, or medical or hospital service under the compensatory provisions of this article. The burden of proof under the provisions of this section shall be on the defendant employer."

Outside of the question whether the claimant was or was not wearing goggles and the condition of the same at the time of the accident, there is substantially no conflict in the record. The company furnished the goggles for the protection of the employees and issued orders that the employees should wear them while working. The claimant admits that he understood this order and that they were necessary for the protection of his eyes. If he did not wear the goggles, the only explanation offered is his alleged statement that he took them off to rest his eyes, because they were heavy.

The cases uniformly hold that willful misconduct is something more than negligence, and that every disregard or violation of a safety rule does not constitute willful misconduct. Under the statute the misconduct must be willful in its nature. Webster defines "willful" to mean:

"Governed by the will without yielding to reason; obstinate; perverse; inflexible; stubborn; refractory."

And in *Black's Law Dictionary* it is defined as follows:

"Proceeding from a conscious motion of the will; intending the result which actually came to pass; designed; intentional; malicious."

And in the case of *In re Nickerson*, 218 *Mass.* 158, 105 *N. E.* 604, *Ann. Cas.* 1916A, 790, the court said:

"The fact that the injury was occasioned by the employee's disobedience to an order is not decisive against him. To have that effect, the disobedience must have been willful, * * * deliberate, not merely a thoughtless act on the spur of the moment."

The word "willful" may be defined with a reasonable degree of satisfaction, although the definitions vary in some respects, depending somewhat upon the meaning intended to be conveyed by its use with other words. In the present statute we believe it was used to define an act done intentionally, knowingly, and purposely, without justifiable excuse, as distinguished from an act done carelessly, thoughtlessly, heedlessly or inadvertently.

Applying this definition as a test to the facts in the present case, if the claimant was not wearing goggles at the time of the accident, we are of the opinion that he intentionally violated a reasonable order made for his own protection, with full knowledge of the order, and the dangers accompanying its violation, without justifiable excuse for its violation. If he was not wearing goggles, the only reason for not doing so, as shown by the record, is his alleged statement that he wanted to rest his eyes, as they were heavy. The claimant in his testimony states no reason for not wearing them.

If the claimant was not wearing goggles, he would be placed in the position of refusing or failing to use a safety appliance furnished him, as ordered by his employer, the claimant understanding the order and knowing that the appliance was furnished for his protection, and also knowing the dangers accompanying a violation of the order, without any explanation or reason on his part why he did not use the goggles at the time of the accident. Such facts would constitute something more than mere negligence, and in our opinion clearly establish willful negligence on his part. *Great Western Power Co. v. Pillsbury,* 170 *Cal.* 180, 149 *Pac.* 35; *In re Burn's,* 218 *Mass.* 8, 105 *N. E.* 601, *Ann. Cas.* 1916A, 787; *McAdoo v. Industrial Accident Commission et al.,* 40 *Cal. App.* 570, 181 *Pac.* 400, 4 *Workmen's Compensation Law Journal* (1919) 476; *Bayshore Laundry Co. v. Industrial Accident Commission,* 36 *Cal. App.* 547, 172 *Pac.* 1128.

The following cases have been cited in behalf of the claimant, but we believe they can readily be distinguished from the present case upon the facts: *General Tank Car Corp. v. Borchardt*, 69 *Ind.* *App.* 580, 122 *N. E.* 433; *Haskell & Barber Car Co. v. K.*, 69 *Ind. App.* 545, 119 *N. E.* 811; *In re Nickerson*, 218 *Mass.* 158, 105 *N. E.* 604, *Ann. Cas.* 1916A, 790; *Wick et al. v. Gunn et al.*, 66 *Okl.* 316, 169 *Pac.* 1087, 4 *A. L. R.* 107.

If, therefore, the claimant was not wearing the goggles at the time of the accident his conduct was a willful failure on his part to use a reasonable safety appliance provided for him, and that the Industrial Accident Board was in error in finding that his act did not constitute a willful one on his part.

[3] From the opinion filed by a majority of the Industrial Accident Board, they seem to have been strongly influenced by the fact that the claimant had not refused or failed to use the goggles on all other occasions and that there was not a practice on his part not to wear them. There is no principle of law which requires that an act should be the repetition of a prior act to make it a willful one, or that willful misconduct must be continued misconduct.

[4] Under the provisions of the statute the burden is on the employer to show that the failure on the part of the claimant to use a reasonable appliance is a willful act on his part. While the statute properly and wisely places the burden upon the employer, we know of no reason why a higher degree of proof should be required of the employer in cases before the Industrial Accident Board than is required of other parties in civil actions before other tribunals, to wit, proof of a fact by the preponderance of the evidence and not as declared by the majority of the board:

"That the evidence to establish the fact of willfulness must be clear and unequivocal and must approach the point of proof beyond a reasonable doubt."

[5] The question of whether or not the claimant was wearing the goggles at the time of the accident, as well as the question of the condition of such goggles, was not passed upon by the In-

dustrial Accident Board. Being purely matters of fact, we· cannot pass upon either of these questions until the board has made findings with respect to them.

For the reasons above stated the award of the Industrial Ac-; cident Board is hereby reversed, and the cause remanded to that board for further proceedings in conformity with this opinion.