ELSIE WRIGHT, Widow of Kempton Wright, deceased, Claimant Below, Appellant, v. AMERICAN BRAKE SHOE COMPANY, Employer, Respondent Below, Appellee, DOROTHY WRIGHT, MARTHA E. WRIGHT and DOROTHY WRIGHT on behalf of Barbara Jane Wright, Claimants Below, Appellees.

(*July* 23, 1952.)

TERRY, J., sitting.

*Henry A. Wise, Jr.*, for Elsie Wright, Claimant Below, Appellant.

*William H. Bennethum* (of the firm of Morford, Bennethum, Marvel and Cooch) for American Brake Shoe Company, Employer Below, Appellee.

*Robert O'Hora* (of Melson and O'Hora) for Dorothy Wright and Dorothy Wright on behalf of Barbara Jane Wright, Claimants Below, Appellees.

Martha Wright did not appear in this proceeding, nor was she represented by counsel.

Superior Court for New Castle County, No. 916, Civil Action, 1951.

**TERRY, J.:**

The sole and controlling question to be determined is whether or not Elsie Wright, the widow, was actually dependent upon her husband at the time of his death within the meaning of Section 11, aforesaid. The claimant suggests that the term "actual dependency" be given a broad meaning, such as to say that a wife's continued effort without success to collect support from her husband prior to his death (they living apart from each other) would be equivalent to the actual receipt by her of support from him. Citing *Berman v. George J. Blair Co.*, 137 *Pa. Super.* 193, 8 *A.* 2d 731; *Binkley v. Stone & Webster Engineering Corp.*, 156 *Pa. Super.* 381, 40 *A.* 2d 132. Compare *Koeppel v. E. I. du Pont de Nemours Co.*, 7 *W. W. Harr.* 369, 183 *A.* 516.

 I think that the showing of an effort by a wife to obtain support from her husband who has deserted her without good cause is, of course, an element of proof to be considered.

Yet, standing alone, such is by no means determinative of the question. Ordinarily, dependency is evidenced by the receipt by the wife of at least some support from her husband, as the separation may be by consent under circumstances which amount to a repudiation of the husband's legal obligations acquiesced in by his wife; or her conduct may have been such as to relieve her husband from all liability for her support.

The term "actually dependent" referred to under Section 11 of our act relates to the time of death, and such dependency must be affirmatively established as a fact in any case by a claimant before an award of compensation can be entered.

In cases such as the present, where the wife is living apart from her husband, the term "actually dependent" does not mean sole and exclusive support, for, if the wife continues to receive support, whether wholly or in part, she continues to be "actually dependent" within the meaning of Section 11 of the act. The determination of the term "actually dependent", therefore, is a question of fact, and cannot be determined alone by a consideration of moral or legal obligations on the part of the husband to support his wife; it concerns actual contributions made by the husband to the wife, which were in point of fact relied upon by her as a means of living. The term as used in our statute does not relate to past dependency, nor a possible future dependency. It speaks of the reasonable present, and the issue thereof relates solely to the time of the death of the employee. *Children's Bureau v. Nissen*, 3 *Terry* 209, 29 *A.* 2d 603.

As a prelude to stating my thoughts concerning the merits of this appeal, I should say that this Court moves with prudent caution in reversing a finding of fact by the Board below. We never disturb such a finding, if there is evidence in the record from which its conclusions could have been fairly and reasonably drawn. *Gooden v. Mitchell*, 2 *Terry* 301, 21 *A.* 2d 197; *Rudnick v. White Bros.*, 7 *Boyce* 576, 109 *A.* 881; *Children's Bureau v. Nissen*, 3 *Terry* 209, 29 *A.* 2d 603. The reason underlying this rule of caution is premised upon the fact that

the Board below sees and hears the witnesses and is, therefore, better able to determine the credit and weight to be given their testimony. *Le Tourneau v. Consolidated Fisheries Co.*, 4 *Terry* 540, 51 *A.* 2d 862.

The enactment of our Workmen's Compensation Act clearly connotes our advancement in the field of social legislation. Our judicial interpretations of the act in the past evidences a clear indication that its purpose cannot be served unless it be construed with marked liberality. The underlying intent is not predicated upon charitable purposes, and the public interest cannot be served if the decisions thereunder are based upon uncertain evidence or upon sympathy alone.

Now the question is, does the record in reference to the petitions presented contain sufficient testimony from which the Board's conclusion could have been fairly and reasonably drawn?

Necessity does not require a detailed review of the testimony at this time. It should suffice to say that Elsie Wright, the decedent's widow, never obtained any manner of support from him for the period of ten years prior to his death. As previously stated, the existence of a legal or moral obligation upon the deceased to support his wife is not the sole criterion in the determination of actual dependency, and her effort to collect support by the exercise of legal process is but an element to be considered under all the circumstances presented. Her contention in this respect, nevertheless, must also be viewed in the light of the testimony that in 1946 she was told that her husband at that time resided at Holloway Terrace, New Castle, Delaware, and she apparently made no effort at that time, or since, to have him arrested for nonsupport.

It is my conclusion that the Board's finding that Elsie Wright was not actually dependent upon the decedent for support at the time of his death was not only a fair and reasonable conclusion from all the testimony, but indeed a proper one.

Likewise, the same may be said regarding the Board's finding to the effect that the decedent stood in *loco parentis* to Barbara Jane Wright.

The Board's decision insofar as it relates to the dismissal of the petition of Elsie Wright, widow, is affirmed. The Board's decision insofar as it relates to the petition of Barbara Jane Wright, and the subsequent award of compensation to her, is likewise affirmed.

An order will be entered accordingly.