JAMES C. JOHNSON, Employee-Appellee Below, Appellant, v. CHRYSLER CORPORATION, Employer-Appellant Below, Appellee.

(*July* 21, 1965)
(Reargument Denied September 15, 1965)

WOLCOTT, Chief Justice, CAREY, Justice, and SEITZ, Chancellor, sitting.

*John A. Faraone* and *James P. D'Angelo* for appellant.

*Carl Schnee* and *David B. Coxe, Jr.,* of Coxe, Booker & Walls, for Chrysler.

Supreme Court of the State of Delaware, No. 18, 1965.

WOLCOTT, Chief Justice.

This is an appeal from the reversal by the Superior Court of an award made by the Industrial Accident Board (hereafter "Board"). The claimant appeals.

The claimant worked for Chrysler as a janitor. In 1957 he injured his back and missed about six weeks' work. He testified that on November 23, 1962, a Friday, while moving a heavy barrel as a part of his work he again injured his back; that he told a Mrs. Cox, a fellow employee about his injury; that he was bothered by his back on the ensuing Saturday and Sunday, and that he reported to the Chrysler dispensary the following Monday. He further testified that he had not worked at Chrysler since the day of his injury; that he was admitted almost immediately to the Milford Hospital and was within a week transferred to Riverside Hospital where a lumbar laminectomy was performed a little over a week later. Actually, the operation was performed on March 13, 1963.

The claimant's testimony was corroborated in part by Mrs. Cox who testified the claimant had spoken to her of his injury as he had described; by the witness, Schuyler, a fellow employee, who took the claimant to the Chrysler dispensary on a Monday on a jitney because of his difficulty in walking; by the witness, Schmitz, a fellow employee,

and who was sharing a car pool with the claimant, and on the day of the alleged injury drove the claimant's car home for him because of the pain in his back; and by the witness, Smith, the claimant's brother-in-law, who testified that the claimant was in pain and had difficulty in moving about after the alleged injury.

In addition, the claimant called three doctors as witnesses who gave as their opinion in response to hypothetical questions based upon the claimant's version of the accident that it was the precipitating cause of the resultant back condition requiring the operation and the subsequent disability of the claimant.

Chrysler in opposition offered evidence that claimant had not received any treatment at its dispensary for a back injury in November, 1962, but on the contrary had reported to the dispensary with a condition known as cellulitis of the nose which kept him from work from November 28, 1962 through December 1, 1962. Another doctor, engaged in practice with the claimant's family doctor who testified on his behalf, testified that he was treated for the nose condition in late November. Claimant's foreman on the job testified that claimant's job entailed no lifting at all, and that on November 26, 1962 he gave the claimant a sick pass to report to the dispensary and that the claimant made no reference to an injury. Chrysler also proved that the claimant continued working at his regular job from November 23, 1962 through February 15, 1963 missing only six days' work during that period. It was also proved that claimant was paid group insurance for November 28, 1962 through December 1, 1962 and for February 15, 1963 through August 18, 1963. Chrysler also offered testimony that the claimant received unemployment compensation from August 26, 1963 until December 3, 1963.

On the basis of this record the Board found that claimant had a back ailment prior to his alleged injury and that on November 23, 1962 he aggravated his pre-existing back disorder while performing his work, and that this required medical, surgical and hospital services. The Board's award was for temporary total disability from February 21, 1963 until terminated by action of the Board.

On appeal to it by Chrysler the Superior Court reversed the award on the sole ground that there was no "sufficient competent and satisfactory" evidence that the claimant had suffered an accident in the course of his employment. The Court found it unnecessary to consider other grounds urged by Chrysler.

It is, of course, correct that no award of compensation for injury may be made by the Board unless the claimant establishes by probative evidence that he suffered an injury and that such injury was the result of an accident taking place in the course of his employment. Furthermore, the accident must be established by proof with a definite referral to time, place and circumstance. *Faline v. Guido & Francis DeAscanis & Sons,* Del., 192 A. 2d 921; *Belber Trunk & Bag Co. v. Menesy,* 8 Terry 595, 96 A. 2d 341. We think, if accepted as true, the evidence offered in behalf of the claimant satisfies this requirement.

The Superior Court, however, was of the opinion that the claimant's evidence was not to be believed, apparently on the ground that it was so contradictory to undisputed facts as to be incredible. His evidence was, therefore, rejected entirely which, of course, left the record barren of any showing on his part.

On appeal from the Board, however, the Superior Court does not sit as a trier of fact with authority to weigh the evidence, determine questions of credibility, and make its own factual findings and conclusions. Although our Courts have expressed it in various ways, we think the sole function of the Superior Court, as is the function of this Court on appeal, is to determine whether or not there was substantial competent evidence to support the finding of the Board, and, if it finds such in the record, to affirm the findings of the Board. *General Motors Corporation v. McNemar,* Del., 202 A. 2d 803; *Faline v. Guido & Francis DeAscanis & Sons,* supra; *General Motors Corporation v. Freeman,* 3 Storey 74, 164 A. 2d 686; *Wright v. American Brake Shoe Co.,* 8 Terry 299, 90 A. 2d 681, and *Le Tourneau v. Consolidated Fisheries Co.,* 4 Terry 540, 51 A. 2d 862. Only when there is no satisfactory proof in support of a factual finding of the Board may the Superior Court, or this Court for that matter, overturn it. *Children's*

*Bureau of Delaware v. Nissen,* 3 Terry 209, 29 A. 2d 603.

Admittedly, the record in this cause is full of contradictions, particularly in the matter of dates, but this is not to say that the claimant's case is thereby completely to be disbelieved. We say this because of the admitted fact that in February he visited his family doctor complaining of his back. This was on Monday, February 18, 1963—the same day of the week he testified he went to the Chrysler dispensary. Also, admittedly, he ultimately underwent surgery which resulted in at least some disability. Conceivably, the claimant could have been mistaken about the dates in question, and conceivably the Board so found. Certainly, it is incredible that the claimant would have testified he did not work after November 23, 1962 in the face of the Chrysler employment record unless he was confused as to the times.

However, the Board, itself, in its findings held that the testimony established the fact that on November 23, 1962 the claimant aggravated his pre-existing back disability. Yet, it must be of some significance that the Board's award was for compensation commencing February 21, 1963, which would seem to be at odds with the finding of aggravation on November 23, 1962.

We think the findings of the Board are unclear and probably incomplete. Of prime importance is the failure of the Board to make a finding one way or the other upon the question of whether the claimant suffered an accident from which his disability came. Assuming, therefore, as we think upon this record must be done, that the Board accepted the testimony of the claimant that he suffered an injury, and in view of the uncontroverted fact of his back condition, the proper course for the trial judge to have followed would have been to remand the cause to the Board with instructions to make a finding as to "accident" and to clarify the apparent inconsistencies in the findings.

This, however, was not done. On the contrary, the trial judge weighed the evidence, determined the question of credibility of

witnesses he had not heard, and reversed the award in the face of evidence which, if accepted, would have supported the award. This, we think, was to commit error because the evidence was sufficient to permit the Board to make a sustainable finding either way with respect to "accident"'

The cause must therefore be remanded to the Superior Court with instructions to remand the matter to the Board to clarify the apparent inconsistencies in its findings, and to make a precise finding as to whether or not the claimant suffered an accident in the course of his work which resulted in injury to his back and, if so, when it occurred.

Chrysler makes other points in its brief which it contends should lead to an affirmance of the Superior Court. These points were argued to the Superior Court but not considered by it because of its finding that the claimant did not suffer an accident.

The points are that, first, there was no proof of a causal connection between an injury and the claimant's disability; second, that the Board's award was based solely on proof of an aggravation of a pre-existing condition, and, third, that the claimant failed to prove total disability after July 3, 1963.

These are matters which depend for answer upon the additional findings and clarification which will be made by the Board upon remand and, if necessary, can be reconsidered by it at that time.

The final point made by Chrysler is that the award should be reversed at least in part as to the period for which he had previously received unemployment compensation payments. The point was, of course, not reached by the Superior Court, and the portions of the record reproduced in the briefs and appendices do not show whether or not it was raised and considered by the Board. Under the circumstances, we decline to pass upon it. Upon remand to the Board it may be renewed provided it had been raised in the prior proceedings.

The judgment of the Superior Court will be reversed and the

cause remanded for further proceedings in accordance with this opinion.