# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KATHY LAKE, | ) | |
| | ) | |
| Appellant, | ) | |
| v. | ) | C.A. No. N15A-05-006 RRC |
| | ) | |
| DOMINION MANAGEMENT | ) | |
| SERVICE OF DELAWARE and | ) | |
| UNEMPLOYMENT | ) | |
| INSURANCE APPEAL BOARD, | ) | |
| | ) | |
| Appellee. | ) | |

Submitted: December 21, 2015
Decided:  March 14, 2016

On Appeal from a Decision of the Unemployment Insurance Appeal Board.
## AFFIRMED.

## <u>ORDER</u>

Kathy Lake, Willingboro, New Jersey, *pro se,* Appellant.[1]

Dominion Management Services of Delaware, 705 N. DuPont Highway, Dover, Delaware, Appellee.

Paige J. Schmittinger, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the Unemployment Insurance Appeal Board.

---

[1] Appellant Kathy Lake filed the only brief in this case.  The Unemployment Insurance Appeal Board filed a letter with this Court asserting that it takes no position and would not file an answering brief unless directed to by the Court.  Despite being served process on June 1, 2015; provided with a Briefing Schedule on July 21, 2015; and sent a Final Delinquent Notice on September 22, 2015, Appellee Dominion Management Services of Delaware, Inc. did not file an Answering Brief with this Court.  Therefore, pursuant to Superior Court Civil Rule 107(f), the Court will make a determination of the issue on the papers which have been filed.

COOCH, R.J.

This 14th day of March, 2016, on appeal of a decision from the Unemployment Insurance Appeal Board, it appears to the Court that:

1. On November 17, 2014, a notice of wage garnishment was served on Dominion Management Services of Delaware instructing it to withhold a portion of Appellant Kathy Lake's wages.[2] Lake was discharged from Dominion Management after she removed the notice of wage garnishment and took it home without permission.[3]

2. The Unemployment Insurance Appeal Board affirmed a decision of the Appeals Referee that held Lake was terminated from her employment for just cause and not entitled to unemployment benefits. Specifically, the Board found that Lake removed the document in error, failed to discuss the document with her employer when she returned to work, and Dominion Management met its burden of proving by a preponderance of evidence that Lake was terminated for just cause.[4]

3. Lake asserts three grounds why this Court should reverse the decision of the Board. First, Lake contends that a "spokesperson from Dominion Management refuse[d] to present the most important piece of evidence in [Lake's] case, which [was] the video[]tape from the camera located in the front office."[5] Lake asserts that the videotape shows that she did not remove the garnishment notice from her manager's desk.[6] Instead, the video shows that she was handed the papers by a coworker.[7]

4. Second, Lake contends that the Board improperly denied her an adequate opportunity to rebut the testimony from Dominion Management's representative.

---

[2] R. at 14.
[3] *Id.* at 79.
[4] *Id.*
[5] Appellant's Opening Br. at 1.
[6] *Id.*
[7] *Id.*

5. Third, Lake asserts that one of the Board members "was a very elderly man who[] was sleeping the majority of the time and could not have possibly rendered any fair comments."[8]

6. This Court's review of a Board decision is limited to whether the Board's determination is supported by substantial evidence and free from legal error.[9] Substantial evidence requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[10] It is within the province of the Board, not this Court, to weigh evidence or make determinations based on credibility or facts.[11] Reversal based on an abuse of discretion will be granted only if "the Board acts 'arbitrarily or capriciously' or 'exceeds the bounds of reason in view of the circumstances and has ignored recognized rules of law or practice so as to produce injustice." [12]

7. Individuals who are discharged for just cause and not eligible for unemployment benefits.[13] When an employee is discharged, the employer has the burden of proving just cause by a preponderance of evidence.[14] "Just cause" is "'a willful or wanton act or pattern of conduct in violation of the employer's interest, the employee's duties, or the employee's expected standard of conduct.'"[15] Just cause also '"includes notice to the employee in the form of a final warning that further poor behavior or performance may lead to termination.'"[16] However, under certain circumstances the discharged employee is not entitled to any warning before termination.[17]

---

[8] *Id.* at 2.

[9] *Unemployment Ins. Appeal Bd. v. Martin*, 431 A.2d 1265, 1266 (Del. 1981).

[10] *Oceanport Indus., Inc. v. Wilmington Stevedores, Inc.*, 636 A.2d 892, 899 (Del. 1994) (citing *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981).

[11] *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965).

[12] *Straley v. Advanced Staffing, Inc.*, 2009 WL 1228572, at * 2 (Del. Super. Apr. 30, 2009) (citing *Kreshtool v. Delmarva Power & Light Co.,* 310 A.2d 649, 652 (Del. Super. 1973); *Nardi v. Lewis,* 2000 WL 303147, at *2 (Del. Super. Jan. 26, 2000)).

[13] 19 *Del. C.* § 3314(2).

[14] *McGee v. Amazon.com*, 2013 WL 656243, at* 3 (Del. Super. Jan. 31, 2013).

[15] *Id.* (citations omitted).

[16] *Id.* (citations omitted).

[17] *Short v. Unemployment Ins. Appeal Bd.*, 513 A.2d 1319, 1986 WL 17127, at* 1 (Del. July 30, 1986) ("[U]nder the circumstances, the appellant was not entitled to a warning before he was discharged."); *Ferrante v. Delaware Park Casino*, 2015 WL 1201519, at* 5 (Del. Super. Mar. 12, 2015) (holding that an employee who was discharged for picking

8. In spite of Lake's attempt to show that this is all a misunderstanding, there is substantial evidence to support that the Board's finding that Dominion Management had just cause to terminate her employment. The Board listened to testimony from Lake and from a representative of Dominion Management and determined the representative's testimony was credible.[18] The Board also found that Lake improperly removed a document from her workplace that directed her employer to garnish her wages. Lake then failed to discuss the document with her manager when she returned to work the following day.

9. Substantial evidence supports the Board's conclusions. First, Lake admits to taking the document from her workplace and bringing it home.[19] Lake also admits that she never discussed the document with her manager when she returned to work.[20] Therefore, in light of Lake's admissions, the Board has not acted arbitrarily and capriciously, or exceeded the bounds of reason in making its determination.

10. Furthermore, the positions that Lake asserts as grounds for this Court to reverse the Board's decision are unpersuasive. First, Lake asserts that a videotape that "clearly shows" she did not take the document from her manager's desk. However, Lake admitted that she has never seen the videotape.[21]

11. Next, Lake contends that she was not allowed to confront Dominion Management's representative about testimony she felt was incorrect. However, Lake was permitted to testify about her version of the events.[22] She was then asked questions by the members of the Board.[23] And, after Dominion Management's representative testified, Lake was permitted to ask the Board a question and the representative

---

up a one-hundred-dollar bill off the casino floor, but only turned in a twenty-dollar bill to a security officer was not entitled to a warning that future dishonest behavior may lead to termination).

[18] R. at 79.

[19] *Id.* at 66.

[20] *Id.* at 67.

[21] *Id.* at 63-65.

[22] R. at 60-62.

[23] *Id.* at 62-65.

was instructed to answer it.[24]  Lake took that opportunity to ask her "number[-]one question and only question."[25]  Given Lake's opportunity to testify about her version of the events; inquiry from the members of the Board about her testimony; and the Board allowing her to ask her "only question" for the representative, she was afforded a meaningful opportunity to be heard.  Therefore, her second claim lacks merit.

12. Finally, Lake asserts that one unidentified Board member was asleep during the hearing.  Lake does not offer any evidence for her accusation.  The Court finds that this claim is conclusory and lacks merit, because Lake has failed to offer any evidence supporting her claim.

Therefore, the Board's decision is **AFFIRMED.**

**IT IS SO ORDERED.**

_____
Richard R. Cooch, R.J.

oc:  Prothonotary
cc:  Unemployment Insurance Appeal Board

---

[24] *Id.* at 74-75.
[25] *Id.* at 75.