**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

DAVID A. SCHULTZ,                    )
                                     )
        Appellant,                   )    C.A. No. N17A-06-002 RRC
                                     )
    v.                               )
                                     )
DELAWARE BOARD OF                    )
ARCHITECTS.                          )
                                     )
        Appellee.                    )

Submitted: November 28, 2017
Decided: February 16, 2018

On Appeal From a Decision of the Delaware Board of Architects. **AFFIRMED.**

# <u>ORDER</u>

Paul Cottrell, Esquire and Jason J. Cummings, Esquire, Tighe & Cottrell, P.A., Wilmington, Delaware, Attorneys for Appellant David A. Schultz.

Jennifer L. Singh, Esquire, Deputy Attorney General, Department of Justice, Dover, Delaware, Attorney for the Delaware Board of Architects.

COOCH, R.J.

This 16th day of February, 2018, upon consideration of Appellant's appeal from the decision of the Delaware Board of Architects, it appears to the Court that:

1.  David A. Schultz (Appellant) has appealed a disciplinary decision of the Delaware Board of Architects (the "Board") for his failure to meet the biennial Continuing Education ("CE") Hours requirement pursuant to 24 *Del. C.* § 301 and 24 *Del. Admin. C.* § 300-6.3.1. On appeal, Appellant argues that he should not have been disciplined for not

1

meeting the CE minimum because he did not violate the regulation "willfully." He also argues that the discipline would create an undue burden upon him and the Board's decision was otherwise arbitrary and capricious. The Board contends that its decision is supported by substantial evidence and is free from legal error because the basis for its decision was Regulation 6.2.1, not 6.2.1.2 as Appellant contends, and thus no showing of willfulness was required. The Court finds that the decision by the Board is supported by substantial evidence and is free from legal error. Accordingly, this Court **AFFIRMS** the decision of the Board.

2.  Architect licenses in Delaware are issued for a maximum of two years, at which time they must be renewed. On May 1, 2012, the Board amended its regulations and updated Regulation 6.2.1 to require that "an architect must complete a minimum of 12 ["CE"] Hours each calendar year[.]"[1] This regulation remained in effect until November 1, 2016 when the Board amended Regulation 6.2.1 to its current language, which states that "an architect must complete a minimum of 24 [CE] hours each renewal period including a minimum of 8 [CE] hours in each year . . . ."[2]

3.  Since January 1, 2003, Delaware Board-licensed architects were required to complete all of their CE hours in "Health, Safety and Welfare" ("HSW") subjects.[3] Currently, Board Regulation 6.2.1.1 states that "[a]ll Continuing Education Hours must be completed in Health, Safety, and Welfare Subjects . . . ."[4] While the Board does not require a licensee to provide proof that he has completed the requisite CE's, it is necessary that a licensee attest that he has complied with the CE requirements at the time of renewal.[5] Following the renewal period, the Board conducts random audits.[6] "All registrants shall maintain documentation of continuing education, which shall include proof of attendance and verification that the education was . . . a [HSW] course . . . ."[7]

---

[1] Appellee's Answ. Br. at 5 (citing Appellee's Answ. Br., App. at 42) [hereinafter A__].
[2] A55.
[3] Appellee's Answ. Br. at 6 (citing A65-76); A72.
[4] 24 *Del. Admin. C.* § 300-6.2.1.1.
[5] 24 *Del. Admin. C.* § 300-6.3.2 and 6.3.3.
[6] 24 *Del. Admin. C.* § 300-6.3.1.
[7] *Id.*

2

4. The Board randomly selected Appellant to be audited on September 9, 2016.[8] The two-year renewal period that was to be audited was January 1, 2014 through December 31, 2015. Appellant attested that he had completed his requisite CE's.[9] Appellant responded to the audit with his course certificates and a letter to the Board, which indicated that, although he had completed 13.5 of the requisite 12.0 HSW CE's for 2015, he had only completed 8.0 of the requisite 12.0 HSW CE's in 2014.[10] Thus, Appellant had not accrued the requisite 12 CE's per year as previously required under Regulation 6.2.1.[11]

5. The Board held a hearing on January 17, 2017 to show cause why the Board should not impose disciplinary sanctions against Appellant for his failure to meet the CE requirement.[12] At the hearing, Appellant, without counsel, admitted that he "made a mistake" and "miscalculated" his CE's.[13] Appellant stated that he "was shocked when [he] found out that [he] was deficient with some [HSW] credits."[14]

6. On February 24, 2017 the Hearing Officer issued a recommendation to the Board that Appellant be disciplined as a result of Appellant's insufficient 2014 HSW CE's.[15] The Hearing Officer recommended, among other things, that the Board issue Appellant a Letter of Reprimand and that the Board impose a $1,000 fine against Appellant.[16] The Hearing Officer provided Appellant with a copy of the recommendation and informed him that he could provide the Board with "any exceptions, comments or arguments regarding the . . . recommendation," and that the Board would make its final decision thereafter.[17] Appellant did not submit any exceptions, comments, or arguments as otherwise permitted pursuant to 29 *Del. C.* § 8735(v)(1)d.

---

[8] Appellant's Op. Br. at 4.
[9] Appellee's Answ. Br. at 7.
[10] A2.
[11] Regulation 6.2.1 now requires "a minimum of 8 [CE] Hours in each year[.]"
[12] Appellant's Op. Br. at 5.
[13] A22-23
[14] *Id.* at 24.
[15] Appellant's Op. Br., Ex. A at 6.
[16] *Id.* at 7.
[17] A32.

7. The Board deliberated on April 5, 2017 and then affirmed the recommended discipline on May 3, 2017.[18] The Board specified that Regulation 6.2.1.2, which the Hearing Officer found Appellant did not violate "contemplates that a licensee should be subject to discipline beyond that warranted for failing to comply with the CE requirements, if in so doing, the licensee attempts to deceive the Board or willfully disregards its mandate."[19] The Board agreed with the Hearing Officer's finding that Appellant had not deceived the Board or willfully disregarded the requirements and found that "Regulation 6.2.1.2 was irrelevant to [Appellant's] situation."[20] Appellant now appeals that decision to this Court.

8. On appeal, Appellant argues that the Board should not discipline him because he did not willfully violate the CE requirements pursuant to Regulation 6.2.1.2. Appellant also argues that the punishment would impose an undue burden on him, which does not conform to the state objectives of the Delaware Board of Architects to "protect the general public from unsafe practices, and from occupational practices which tend to reduce competition or fix the price of service."[21] Appellant asserts that his violation was inadvertent and an "innocent error."[22] Appellant also argues that the Board decision was arbitrary and capricious by citing *In Re Kidd*, a 2017 "Non-Disciplinary Order" of the Board, where the Board did not impose disciplinary sanctions upon an architect in a case that he claims was a "nearly identical situation[.]"[23]

9. In response, the Board argues that its decision is supported by substantial evidence and is free from legal error, and as a result, should be affirmed. The Board asserts that because the basis for its decision was Regulation 6.2.1, not 6.2.1.2 as Appellant contends, no showing of "willfulness" was required. The Board states that because Appellant did not complete at least 24 HSW CE's during the 2014-2015 renewal period, he violated the pre-amendment Regulation 6.2.1. As such, the

---

[18] Appellee's Answ. Br. at 10-11.
[19] A34.
[20] *Id.* at 34-35.
[21] Appellant's Op. Br. at 12 (citing 24 *Del. C.* § 301).
[22] *Id.*
[23] Appellant's Op. Br. at 14.

Board argues, it had the authority to impose disciplinary sanctions upon Appellant for failing to meet the CE requirement. The Board also contends that this Court should ignore Appellant's reliance on *In Re Kidd* as it is "outside of the record[.]"[24]

10. In reviewing the decision of the Board, this Court limits its review to whether the Board's decision is supported by substantial evidence and is free from legal error.[25] Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.[26] The Court does not sit as a trier of fact with authority to weigh the evidence, determine questions of credibility, and make its own factual findings and conclusions.[27] "The Court, when factual determinations are at issue, shall take due account of the experience and specialized competence of the agency and of the purposes of the basic law under which the agency has acted."[28] "If the Board's findings and conclusions are found to be based upon substantial evidence and there is no error of law, the Board's decision must be affirmed."[29] In this process, "the Court will consider the record in the light most favorable to the prevailing party below."[30]

11. The Board decision below was supported by substantial evidence and was free from legal error. As such, it will be affirmed. Appellant's primary contention is that the Board should not have disciplined him under Regulation 6.2.1.2 because his failure to complete the requisite CE's was inadvertent and not willful. However, neither the Hearing Officer nor the Board found Regulation 6.2.1.2 applicable to Appellant's case. In fact, the Hearing Officer expressly stated (and the Board agreed) that there was no evidence of intent to violate the CE requirement. Thus, Regulation 6.2.1.2 was not the basis of Appellant's punishment. Rather, the Board's decision was based on Regulation 6.2.1 and 24 *Del. C.* § 314(a)(4).[31]

---

[24] Appellee's Answ. Br. at 27.

[25] *Morabito v. Prof'l Standards Bd.*, 2018 WL 565301, at *6 (Del. Super. Ct. Jan. 23, 2018) (citing 29 *Del. C.* § 10142(d)); *Avon Prod., Inc. v. Lamparski*, 293 A.2d 559, 560 (Del. 1972).

[26] *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981).

[27] *Johnson v. Chrysler Corp.*, 59 Del. 48, 51, 213 A.2d 64, 66 (1965).

[28] 29 *Del. C.* § 10142(d).

[29] *Sokoloff v. Bd. of Med. Practice*, 2010 WL 5550692, at *5 (Del. Super. Ct. Aug. 25, 2010).

[30] *Gen. Motors Corp. v. Guy*, 1991 WL 190491, at *3 (Del. Super. Ct. Aug. 16, 1991).

[31] A34.

12. The Board's decision was further supported by substantial evidence and was free from legal error because Appellant was deficient in the required CE's under the Regulation 6.2.1 as it existed at the time of his audit. The Board has the authority to discipline licensees for "violat[ing] a lawful provision of [Chapter 3: Architecture], or any lawful regulation established thereunder."[32] From May 2012 until November 2016, Delaware licensed architects were required to complete at least 12 CE's in HSW subjects per calendar year or 24 CE's per renewal period. Appellant completed only 8 HSW CE's in 2014 and a total of 21.5 HSW CE's for the renewal period.[33] Therefore, the Board's decision that he was in violation of Regulation 6.2.1 was supported by substantial evidence and free from legal error.

13. Moreover, Regulations 6.2.1 and 6.2.1.2 can exist independent of each other. This Court finds no conflict between the two Regulations. The Board was correct when it stated that a willful violation of the CE requirements under Regulation 6.2.1.2 would permit "discipline *beyond* that warranted for failing to comply with the CE requirements[.]"[34] The Board has authority to discipline licensees for violating any regulation under Chapter 3. The Board need not find that Appellant willfully disregarded or fraudulently misrepresented his CE's to discipline him. However, the Board may impose the heightened discipline of Regulation 6.2.1.2 is it finds that a licensee willfully disregarded or misrepresented that architect's CE's. The Board has the authority to punish for violations of Regulation 6.2.1, 6.2.1.2, or a combination of the two. Failing to meet the biennial requirements for the CE's was a sufficient basis upon which the Board could issue disciplinary sanctions.

14. The Court does not find that *In Re Kidd* is "outside of the record" as the Board contends. Rather, this Court finds that *Kidd* is legal precedent.[35]

---

[32] 24 *Del. C.* § 314(a)(4).

[33] The Board allowed audited licensees to utilize its current Regulation 6.2.1, which only requires licensees to have complete 8 CE's per year so long as they complete a total of 24 HSW CE's during the two-year renewal period. Even when he rolled back 1.5 credits from his 13.5 HSW CE's in 2015 to 2014, Appellant remained deficient.

[34] A34 (emphasis added).

[35] The Board requested that the Court strike any references to *In Re Kidd*. *See* Appellee's Answ. Br. at 29 ("To that end, it is well settled in Delaware that any evidence presented to the Court that was not reviewed by the Board must be stricken."). That application is denied.

However, *Kidd* is nonetheless distinguishable from the facts here. When the hearing officer found that Mr. Kidd was deficient two CE's, Mr. Kidd voluntarily informed the eight other states in which he was licensed that he has not been compliant with the Delaware CE requirement.[36] The hearing officer found that "Mr. Kidd went above and beyond what was required of him" by self-reporting his deficiency.[37] The hearing officer also found that Mr. Kidd was provided incorrect information by a staff member at the Division of Professional Responsibility, which Mr. Kidd relied on to incorrectly believe he was in compliance with the CE requirements. The hearing officer recommended that Mr. Kidd "should not be subject to discipline as he took numerous precautions to avoid being out of compliance and relied upon incorrect information provided to him[.]"[38] The Court does not find that *Kidd* is a "nearly identical situation" to Appellant's case.

15.  This Court finds that the Board's decision was supported by substantial evidence and was free from legal error. This Court may not weigh evidence nor act as a factfinder. As such, the Court need not reach Appellant's other arguments that Appellant's punishment is an undue burden on him or that the Board's decision was arbitrary and capricious. This Court will not disturb the decision of the Board below absent a showing of legal error or that the Board's decision was unsupported by substantial evidence. The decision of the Board is **AFFIRMED**.

**IT IS SO ORDERED.**

_____
Richard R. Cooch

cc: Prothonotary
    Delaware Board of Architects

---

[36] Appellant's Op. Br., Ex. B at 2.
[37] *Id.*
[38] *Id.*

7