# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

CRAIG WILLIAMS,              )

                             )

            Appellant,      )     C.A. No. N15A-01-005 RRC

     v.                        )

                             )

DIVISION OF UNEMPLOYMENT  )

INSURANCE, and            )

UNEMPLOYMENT INSURANCE   )

APPEALS BOARD,           )

                             )

            Appellee.       )

Submitted: October 7, 2015
Decided:  October 21, 2015

On Appeal from a Decision of the Unemployment Insurance Appeals Board.
**AFFIRMED.**

## ORDER

Craig Williams, Wilmington, Delaware, *pro se,* Appellant.

Paige J. Schmittinger, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the Unemployment Insurance Appeal Board.

COOCH, R.J.

This 21st day of October, 2015, on appeal of a decision from the Unemployment Insurance Appeals Board, it appears to the Court that:

1. This appeal arises out of two separate determinations issued on March 6, 2014, by a Department of Labor ("Department") Claims Deputy. The first established an overpayment to Appellant Craig Williams

("Williams") on June 23, 2011, in the amount of $17.00.[1] The second determination established overpayments for the period of July 7, 2012, through September 29, 2012, in the amount of $490.00.[2] Williams had 10 days to appeal those determinations. Williams missed the 10-day deadline and did not file an appeal until August 20, 2014, five months late.

2. A hearing on the issue of timeliness was scheduled before a Department Appeals Referee ("Referee") for September 8, 2014.[3] Williams failed to appear at the hearing and his appeal was dismissed.[4] Williams filed an appeal of the dismissal within the 10-day time frame to the Unemployment Insurance Appeals Board ("Board"). The Board remanded the matter to the Referee to again hold a hearing on the issue of timeliness.[5] A second hearing was scheduled for October 28, 2014.[6] This hearing was postponed at Williams' request, and rescheduled for November 18, 2014.[7] Williams again failed to appear for a second time and the Referee dismissed the appeal.[8] Williams appealed the Referee's decision to the Board again. However, this time the Board adopted the November dismissal as its own.[9] Williams now appeals the Board's decision to this Court.

3. Williams contends that the Department was "negligent [] for failure [sic] to take proper care of the handling of determination [sic] of [his] monetary unemployment benefits."[10] Williams argues that the amounts that the Department determined were overpaid to him were inaccurate.[11] Finally, he asserts that his repeated failures to appear should be excused, because he was seeking counsel to represent him in this matter.[12]

---

[1] R. at 1.
[2] Id. at 4.
[3] Id. at 14-15.
[4] Id. at 21, 23.
[5] R. at 43-44.
[6] Id. at 45-46.
[7] Id. at 48-52.
[8] Id. at 53, 55.
[9] R. at 60.
[10] Appellant's Opening Br. at 1, D.I. 8.
[11] Id. at 2.
[12] Id.

4. The Board responds that this Court is not to consider the "underlying merits of what triggered the overpayment determination," as Williams argues in his Brief[13]  Instead, the Board claims that the proper issue to consider is "the dismissal of [] Williams' appeal of the Claims Deputy's determination."[14]

5. This Court's review on a Board decision is limited to whether the Board's determination is supported by substantial evidence and free from legal error.[15]  Substantial evidence requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[16]  It is within the province of the Board, not this Court, to weigh evidence or make determinations based on credibility or facts.[17]  Reversal based on an abuse of discretion will be granted only if "the Board acts 'arbitrarily or capriciously' or 'exceeds the bounds of reason in view of the circumstances and has ignored recognized rules of law or practice so as to produce injustice.'"[18]

6. After a review of the record, this Court finds no legal error or abuse of discretion on the part of the Board. Williams failed to avail himself of two opportunities to be heard by a Department Referee on the issue of timeliness. Williams not only failed to appear at the first hearing, but the Referee allowed him to extend the date of the second hearing, which Williams subsequently missed. Therefore, the Board did not abuse its discretion, nor did it act in an arbitrary or capricious manner in adopting the Referee's November dismissal.  Accordingly, this Court finds that substantial evidence exists to support the Board's decision.

---

[13] Appellee's Answering Br. at 1, D.I. 9.

[14] *Id.*

[15] *Unemployment Ins. Appeal Bd. v. Martin*, 431 A.2d 1265, 1266 (Del. 1981).

[16] *Oceanport Indus., Inc. v. Wilmington Stevedores, Inc.*, 636 A.2d 892, 899 (Del. 1994) (citing *Olney v. Cooch*, 425 A.2d 610, 614 (Del. 1981).

[17] *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965).

[18] *Straley v. Advanced Staffing, Inc.*, 2009 WL 1228572, at * 2 (Del. Super. Apr. 30, 2009) (citing *Kreshtool v. Delmarva Power & Light Co.,* 310 A.2d 649, 652 (Del. Super. 1973); *Nardi v. Lewis,* 2000 WL 303147, at *2 (Del. Super. Jan. 26, 2000)).

Therefore, the Board's decision is **AFFIRMED.**

**IT IS SO ORDERED.**

_____
Richard R. Cooch, R.J.

oc:     Prothonotary
cc:     Unemployment Insurance Appeal Board