## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IVY LEE WOODRUFF,       )
                               )
            Appellant,     )     C.A. No. N15A-06-007 RRC
    v.                          )
                               )
FOULK MANOR NORTH,    )
                               )
           Appellee.     )

Submitted: October 12, 2015
Decided:  January 6, 2016

On Appellee's Motion to Dismiss Appeal.
**GRANTED.**

# <u>ORDER</u>

Ivy Lee Woodruff, *pro se*, Wilmington, Delaware.

H. Garrett Baker, Esquire, Elzufon, Austun, Tarlov, & Mondell, Wilmington, Delaware, Attorney for Foulk Manor North.

COOCH, R.J.

This 6th day of January, 2016, on appeal from a decision of the Industrial Accident Board, it appears to the Court that:

1.     Appellant Ivy Lee Woodruff filed a petition with the Industrial Accident Board to determine compensation due to her as a result of a work accident.[1]  Appellee Foulk Manor North conceded that the incident occurred, but denied that it resulted in any injury to Ms. Woodruff.[2]

---

[1] R. at 1.  The record the Court received of the proceeding below is not paginated. Instead, documents in the record are tabbed to differentiate them other documents. Therefore, unless a page number is specifically referred to, all citations to the record refer to the numbered tabs.

[2] Mot. to Dismiss Appeal at ¶ 1.

2.  The Board agreed with Foulk Manor North and found that Ms. Woodruff "did not sustain a compensable injury that [wa]s causally related to the work accident."[3] Following the Board's decision, Ms. Woodruff appealed the decision to this Court on July 15, 2015.[4] Ms. Woodruff's "Opening Brief" reads in its entirety:

> At the request of Superior Court, I[,] I[vy] Lee Woodruff[,] am providing you with my statement in reg[]ards [t]o an injury I sustained on the property of Foulk Manor North[,] [w]hich at the time I was an employee[.] The injury I sustained was a head injury that rendered me unconscious[.] Two cooking pans were [mishandled] and dropped on my head[.] [M]y head was not bleeding[,] but I suffered head pain [] and I[]am still suffering. The[re]'s tenderness on the area where I was hit that is definitely a discomfort and a distraction.[ ]I feel I should[n't] be held accountable [for] my injury[] and[] my pain[] and suffering, and the fact that I was tak[en] out of work[.] [Since] the incident was[n't] deni[ed] by Foulk Manor North[,] [that] should be the bas[i]s o[f] my compensation.[5]

3.  Foulk Manor North then filed a Motion to Dismiss Appeal. In its Motion, Foulk Manor North argued that Ms. Woodruff's Opening Brief was completely deficient because there were no citations to the record, to any legal authority, and only generalized objections to the Board's determination. On October 14, 2015, Ms. Woodruff filed a Response to the Motion. Her "Response" reads in its entirety:

> With all due respect to the Superior Court, I[,] Ivy Lee Woodruff[,] wish to have my case heard for the second time by the Industrial Accident Board. Due to the fact[] that as an employee of Foulk Manor North[,] I have a right as a United States citizen to receive worker[s'] compensation, and my case has not expired it[]s 2YR maximum limit. I was an employee of Foulk Manor North on July 6[,] 2014[.] I was at my station when I was struck over the head by several metal cooking pans, which were being carried by a pregnant employee that was not suppose[d] to be handling that much equipment at once. She lost control of the pans and as a result I was injured sever[e]ly[.] I was removed from work by three

---

[3] R. at 7, pg. 26.
[4] R. at 8.
[5] Appellant's Opening Br. at 1.

different doctors[,] [w]hich Faulk Manor has these documents. I should not be denied compensation because my doctor has a bad reputation that was unknown to me[.] I was not aware that my lawyer had used this particular doctor several times in similar cases. I lost my case due to this misinformed information and my doctor[']s credibility[.] I wish that my case can be reheard [] and also to get an opinion of a different doctor. I want my case to be heard without prejudice[.] [W]ith all due respect[,] please don't dismiss my case. Just because my doctor wasn't credible [] doesn't mean I wasn't injured due to the incident[,] just the wrong doctor came to my trial.[6]

4. Superior Court Civil Rule 72(i) states, "[d]ismissal [of an appeal] may be ordered . . . for failure to comply with any rule, statute, or order of the Court or for any reason deemed by the Court to be appropriate."[7] Dismissal may be appropriate when a party fails to set forth any semblance of a legal argument upon which relief can be granted.[8] While briefing standards may be relaxed for *pro se* litigants, the brief must assert an argument that this Court is able to review.[9]

---

[6] Appellant's Resp. to Apellee's Mot. to Dismiss Appeal at 1.

[7] Super. Ct. Civ. R. 72(i).

[8] *Joyner v. The News Journal*, 844 A.2d 991 (Del. 2003) (TABLE) (granting a motion to dismiss in an appeal with an opening brief that contained over 100 pages of transcripts, reports, and correspondences spanning a six-year period that did not set forth an argument for the Court to consider); *Goubeaud v. Cty. Envtl. Co.*, 2013 WL 3001489, at* 2 (Del. Super. Apr. 5, 2013) (granting a motion to dismiss in an appeal of a decision of the Unemployment Insurance Appeal Board for the claimant's failure to file a timely opening brief and failure to "articulate even the barest modicum of evidence or legal argument in favor of [c]laimant's position."); *Buck v. Cassidy Painting, Inc.*, 2011 WL 1226403, at* 2 (Del. Super. Mar. 11, 2011) (dismissing an appeal of a decision by the Unemployment Insurance Appeal Board, because the claimant submitted his opening brief significantly beyond the deadline in the Court's briefing schedule and did not present any issues or arguments that the Court could consider). *But see Camara v. Marine Lubricants*, 2013 WL 1088334, at* 3 (Del. Super. Feb. 25, 2013) (denying a motion to dismiss an appeal of a decision of the Unemployment Insurance Appeal Board, because the claimant was *pro se*; the appeal was filed on time; and the appellees were given sufficient notice of the action, but affirming the decision on other grounds).

[9] *In re Estate of Hall*, 2005 WL 2473791, at* 1 (Del. Aug. 26, 2005) ("While this Court allows a *pro se* litigant leeway in meeting the briefing requirements, the brief at the very least must assert an argument that is capable of review."); *Yancey v. Nat'l Tr. Co., Ltd.*, 1998 WL 309819, at* 1 (Del. Supr. May 19, 1998) ("While this Court recognizes that some degree of leniency should be granted for *pro se* appeals, at a minimum, briefs must

5. The Court acknowledges that sometimes *pro se* litigants may be held to a less exacting standard than that to which attorneys are held. However, Ms. Woodruff has failed to set forth any aspect of a legal argument that this Court can consider in both her Opening Brief and her Response to Foulk Manor North's Motion. Both submissions, taken together, fall well short of what is minimally required of a self-represented party to submit to this Court in an appeal from the Industrial Accident Board. This Court is confident based on the paucity of the Opening Brief and Response, that any further direction to Appellant to comply, even minimally, with the requirements of Superior Court Rule 72 would not be fruitful. This Court may only review an Industrial Accident Board appeal to determine if the decision is supported by substantial evidence and free of legal error.[10] "The Superior Court does not sit as the trier of fact with authority to weigh the evidence, determine questions of credibility, and make its own factual findings and conclusions."[11]

6. In both her Opening Brief and Response, Ms. Woodruff appears contend that she was actually injured and she should not be held to the decision of the Board because of an incorrect credibility determination. That responsibility is within the purview of the Board and not this Court. This Court will not disturb the decision of the Board.


Therefore, Appellee's Motion to Dismiss Appeal is **GRANTED**.

**IT IS SO ORDERED.**

_____

Richard R. Cooch, R.J.

oc:    Prothonotary
cc:    Industrial Accident Board

---

be adequate so that this Court may conduct a meaningful review of the merits of the appellant's claims.").
[10] *Glanden v. Land Prep, Inc.*, 918 A.2d 1098, 1100 (Del. 2007).
[11] *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965).