**William E. CRAIG, Plaintiff,**

v.

**SYNVAR CORPORATION, Defendant.**

Superior Court of Delaware.

New Castle.

July 26, 1967.

George L. Sands, Wilmington, for plaintiff.

Alfred M. Isaacs, of Flanzer & Isaacs, Wilmington, for defendant.

STIFTEL, President Judge.

On November 8, 1960, an explosion occurred on the premises of Synvar Corporation. As a result, plaintiff, Craig, sustained third degree burns on various parts of his body, including his hands. Since Craig was an employee of Synvar and was injured in the course of his employment, he became entitled to compensation under Title 19 of the Delaware Code. Accordingly, Craig and defendant Synvar entered into an agreement for temporary total disability compensation payments. The Industrial Accident Board approved the agreement and Synvar duly compensated Craig for his injuries.

However, believing the compensation to be insufficient, Craig filed petitions with the Industrial Accident Board (hereinafter "the Board") in December, 1963. He filed a petition to determine disfigurement to obtain an award for discoloration to his hands, and a petition to review the compensation agreement to recover, *inter alia,* an award for loss of use of those hands. After a hearing was held with respect to these petitions, the Board in April, 1964, awarded Craig compensation for 15 percent loss of use of his right hand and 10 percent loss of use for his left hand. The Board made no award, however, for disfigurement.

For that reason, Craig appealed to this Court in April, 1964, alleging error on two counts: (1) the Board's refusal to compensate his disfigurement as an abuse of discretion and (2) erroneous interpretation of § 2326(f) of the Workmen's Compensation Statute applicable in 1960, which governed the right of recovery for disfigurement. In February, 1966, this Court remanded the case to the Board because of insufficiency of the record. The Board was instructed to answer certain questions not answered in the record. The two relevant questions were (a) whether in fact Craig had sustained serious and permanent disfigurement of his hands, and (b) if so, whether the entire or partial cause of the disfigurement was loss of use of his hands. These questions had to be answered because § 2326(f) of Title 19, Delaware Code, in 1960 provided that:

"no compensation shall be awarded when such disfigurement was caused by the loss or loss of use of a member of the

body * * * for which compensation payments are already provided by terms in this section."

On remand, the Board answered the Court's questions. It found that Craig had sustained a serious and permanent disfigurement of his hands. But the Board also found that the disfigurement was caused entirely by loss of use of Craig's hands. Hence, it denied him recovery.

Again Craig appealed to this Court. The issue here is whether the Board erred in its finding that Craig's disfigurement was caused entirely by loss of use.

■ Although the Superior Court is empowered to review findings of the Industrial Accident Board on the record, § 2350, Title 19, Delaware Code, the scope of review is narrow. As our Supreme Court said in 1960:

"[t]he position of the Superior Court * * * is to determine only whether or not there was substantial evidence to support the findings of the Board." General Motors v. Freeman, 3 Storey 74, 164 A.2d 686 (1960); *accord,* Johnson v. Chrysler Corp., Del., 213 A.2d 64, 66 (1965); Hartnett Inc. v. Coleman, Del., 226 A.2d 910 (1967).

Accordingly, we must decide whether the record contains substantial evidence to show that loss of use of Craig's hands caused the disfigurement.

■ At the hearing on March 25, 1964, Craig testified as follows: His job at defendant's plant involved manual handling of laboratory equipment, such as test tubes and condensers. After the explosion it was difficult for him to grasp this equipment with his hands for more than ten minutes at a time without developing cramps. It was also difficult for him to spread his fingers apart. Dr. Joseph Hughes, who had treated Craig, also testified. Dr. Hughes corroborated Craig's testimony concerning the onset of cramps after normal use of his hands for a short period. He added that the skin on the back of Craig's hands had become dry and irritated during the summer. A third witness, Dr. Conley Edwards, testified that Craig complained of stiffness of his fingers and of sensitivity of his hands to cold. From this testimony, the Board found that Craig had partially lost the use of his hands. Although the Board did not spell out the nature of the loss of use, the evidence shows that the loss of use involved a decreased ability to grasp objects manually or to clench the hand into a fist because of cramps. It also involved a loss of ability to spread the fingers apart because of stiffness, and loss of ability to function normally, because of increased susceptibility to cold, dryness and irritation.

Nor did the Board spell out the nature of the disfigurement despite its finding that a disfigurement existed. However, at the same hearing, Craig testified that while the rest of his body would tan when exposed to the sun, his hands would acquire a pink discoloration in noticeable contrast. Dr. Hughes corroborated Craig's testimony. Hence, the evidence permits the disfigurement to be characterized as a noticeable discoloration of the hands.

Was there substantial evidence to show that loss of ability to grasp objects and spread fingers and increased susceptibility to dryness and irritation had caused a skin discoloration? At the hearing, when Dr. Hughes was asked why Craig had no hair on the back of his hands, the doctor replied:

"That indicates a loss of hair follicles and skin glands that go along with them, sebaceous glands, so there is no lubrication of the skin. The sweat glands, too, are lacking so there would be a lack of sweating in the hands."

"Q. So this would have a tendency to restrict the use of the hands?

"A. Yes, I think so. [Record, p. 15]."

Craig's attorney then asked Dr. Hughes the reason for the appearance of Craig's hands. The doctor testified that the discoloration was due to:

" * * * the difference in the texture of the skin. The skin is no longer as thick as it was, not as much fat under the skin and there is a loss of hair, loss of sweat glands and there is a loss of sebaceous glands." [Record, p. 25].

From this evidence, one can infer that the cause of disfigurement and of loss of use is exactly the same; namely, loss of sweat and sebaceous glands, of hair follicles, and of subskin fat. Disfigurement and loss of use are concurrent results of the same set of causes. But there is no evidence to show that loss of use caused the discoloration. Hence, there is no evidence to support the Board's finding.

Defendant argues that the phrase "caused by * * * loss of use", as used in Section 2326(f), denies recovery not only where the disfigurement results directly from loss of use, but also where, as here, loss of use and disfigurement result concurrently from the same external causes such as plaintiff's burns.

Such a construction is not justified. The phrase indicates a causal relationship between loss of use and disfigurement. Thus it would appear that the "caused by" phrase was meant to deny recovery where a man who is compensated for a leg injury also claims disfigurement because he must drag his leg along the street as he walks; or it might apply to a man whose injured arm withers and becomes unsightly. In such cases loss of use, which includes the disfigurement, will already have been compensated. The disfigurement is considered the result of the loss of use and therefore an included element of recovery at the time of the award.

The 1960 version of Section 2326(f) of the Workmen's Compensation Act permits recovery for disfigurement except where

disfigurement is caused by loss of use. The Board decided that loss of use of plaintiff's hands caused their discoloration disfigurement. There is no evidence to support this finding. Hence, the decision below is reversed. The case is remanded to the Industrial Accident Board for determination of the degree of compensable disfigurement.