# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| JOHN HENRY and DARLENE HENRY | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. N18C-03-092 ALR |
| | ) | |
| THE CINCINNATI INSURANCE COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: May 10, 2018
Decided: July 31, 2018

***Upon Defendant Cincinnati Insurance Company's Motion to Dismiss***
**GRANTED**

## <u>MEMORANDUM OPINION</u>

Jonathan B. O'Neill, Esq., Jennifer D. Donnelly, Esq., Kimmel, Carter, Roman, Peltz & O'Neill, P.A., Attorneys for Plaintiffs

Krista E. Shevlin, Esq., William A. Crawford, Esq., Franklin & Prokopik, Attorneys for Defendant

**Rocanelli, J.**

## FACTUAL AND PROCEDURAL BACKGROUND

On September 29, 2015, Plaintiff John Henry ("Employee") was operating a motor vehicle in the course of his employment with Horizon Services ("Employer") when he was rear-ended by a third-party tortfeasor. Employee sustained injuries to his neck, back, and right shoulder. The tortfeasor was insured by Liberty Mutual with a policy limit of $50,000.00 per occurrence. The Employer's vehicle was insured under a policy with Cincinnati Insurance Company ("CIC") that included underinsured motorist ("UIM") coverage with limits of $1,000,000.00 per accident.

Following the accident, Employee accepted workers' compensation for his injuries. In addition, on or about January 11, 2018, Employee settled his liability claim with the tortfeasor and received the tortfeasor's $50,000.00 policy limit. Employee then made a claim with CIC for UIM coverage under Employer's policy, which CIC denied. Accordingly, on March 12, 2018, Employee and his wife, Darlene Henry, (collectively, "Plaintiffs") filed this lawsuit seeking underinsured motorist benefits from CIC. Plaintiff Darlene Henry also raises a loss of consortium claim.

CIC filed a motion to dismiss in lieu of an answer on April 23, 2018. CIC argues that the workers' compensation benefits Employee received under the Delaware Workers' Compensation Act ("WCA")[1] constitute Employee's exclusive

---

[1] 19 *Del. C.* §§ 2301-2397

remedy against Employer. Accordingly, CIC argues that Employee is not entitled to recover UIM benefits under Employer's insurance policy as a matter of law. In response, Plaintiffs argue that the WCA was amended to allow an employee to recover both workers' compensation benefits and UIM benefits under an employer's insurance policy. Plaintiffs argue that Employee's claim to UIM benefits is subject to the post-amendment version of the WCA, such that Employee is entitled to UIM benefits under Employer's policy with CIC. This is the Court's decision on CIC's motion to dismiss.

## STANDARD OF REVIEW

As a preliminary matter, the Court needs to determine whether CIC's motion shall be treated as a motion to dismiss under Superior Court Rule of Civil Procedure 16(b)(6), or a motion for summary judgment under Superior Court Rule of Civil Procedure 56. If a party attaches matters outside of the pleadings to a motion to dismiss brought under Rule 12(b)(6), the motion "shall be treated as one for summary judgment and disposed of as provided in Rule 56."[2] To determine whether the presentation of matters outside of the pleadings will convert a motion to dismiss into a motion for summary judgment, the Court analyzes "whether the extraneous matters are integral to and have been incorporated within the complaint and whether

---

[2] Super. Ct. Civ. R. 12(b)(6).

2

they have been offered to the court to establish the truth of their contents."[3]  "If the extraneous matters have been offered to establish their truth, the court must convert the motion to dismiss to a motion for summary judgment."[4]

Here, CIC attached multiple exhibits to the motion to dismiss, including a copy of the complaint sent to the Delaware Insurance Commissioner's office, Employee's workers' compensation records, the Employer's insurance policy with CIC, and a copy of the bill amending the WCA.[5]  However, none of these documents are offered for their truth, as the parties do not dispute that Plaintiffs filed suit against CIC, that Employee accepted workers' compensation, that Employer was insured with CIC, or that the WCA was amended.  Therefore, the documents attached by CIC meet the "narrow exception to the prohibition against extraneous matter,"[6] such that the CIC's motion shall still be treated as a motion to dismiss under Rule 12(b)(6).

Delaware is a notice pleading jurisdiction.[7]  Therefore, to survive a motion to dismiss, a complaint only needs to give general notice of the claim asserted.[8]  In deciding a motion to dismiss under Rule 12(b)(6), the Court shall accept all well-

---

[3] *Mell v. New Castle County*, 835 A.2d 141, 144 (Del. Super. 2003).
[4] *Id.*
[5] Mot to Dismiss, Ex. 1-4 (Apr. 23, 2018).
[6] *Great American Assur. Co. v. Fisher Controls Intern., Inc.*, 2003 WL 21901094, at *3 (Del. Super. Aug. 4, 2003).
[7] *Doe v. Cahill*, 884 A.2d 451, 458 (Del. 2005).
[8] *Id.*

pleaded allegations as true and make all reasonable inferences in favor of the non-moving party.[9] Factual allegations, even if vague, are well-pleaded if they provide notice of the claim to the other party.[10] The Court should deny the motion if the claimant "may recover under any reasonably conceivable set of circumstances susceptible of proof."[11]

## **DISCUSSION**

The central question in this litigation is whether Employee's claim for UIM benefits is subject to the pre-amendment or post-amendment version of the WCA. CIC argues that the pre-amendment version of the WCA applies, such that Employee cannot receive UIM benefits because his workers' compensation benefits constitute his exclusive remedy. By contrast, Plaintiffs argue that the post-amendment version of the WCA applies because Employee's claim for UIM did not arise until Employee settled with the tortfeasor for the full policy limits, which was after the amendment went into effect. Accordingly, Plaintiffs argue that Employee can recover UIM benefits in addition to workers' compensation benefits.

---

[9] *Ramunno v. Cawley*, 705 A.2d 1029, 1034 (Del. 1998); *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).
[10] *Spence*, 396 A.2d at 968.
[11] *Id.*

4

## I. The Evolution of the WCA

In *Simpson v. State*, this Court considered, as an issue of first impression, whether an employee who accepts workers' compensation may also accept UIM benefits under the employer's insurance policy.[12] The case arose after the plaintiff sustained injuries in a car accident that occurred in the course and scope of her employment.[13] The plaintiff accepted workers' compensation for her injuries, and also received the policy limits of the tortfeasor's insurance policy.[14] The plaintiff then sought UIM benefits under her employer's insurance policy, but was denied.[15] As a result, the plaintiff brought suit to recover the UIM benefits. The plaintiff's self-insured employer moved for summary judgment, arguing that the workers' compensation benefits that the plaintiff received constituted her exclusive remedy under the WCA.[16]

The question before the Court in *Simpson* was "whether [the plaintiff] may pursue a UIM claim against her [employer] … for essentially the same injuries [for which] she received workers' compensation in light of the WCA's exclusivity clause."[17] At the time, the exclusivity clause of the WCA provided:

---

[12] 2016 WL 425010 (Del. Super. Jan. 28, 2016).
[13] *Id.* at *1.
[14] *Id.*
[15] *Id.*
[16] *Id.* at *2.
[17] *Id.*

5

Every employer and employee, adult and minor, except as expressly excluded in this chapter, shall be bound by this chapter respectively to pay and to accept compensation for personal injury or death by accident arising out of and in the course of employment, regardless of the question of negligence and to the exclusion of all other rights and remedies.[18]

The Court held that the purpose of UIM coverage is to "insure that individuals have the ability to be compensated for their injuries beyond what may be available from a negligent tortfeasor's policy."[19]  However, the Court reasoned that this underlying purpose of UIM benefits is fulfilled when an individual receives workers' compensation benefits.[20]  In other words, the Court held that permitting an injured employee to recover UIM benefits in addition to workers' compensation benefits would allow "the injured party [to] be compensated twice for the same injury."[21] Therefore, the Court held that the WCA's exclusivity clause, as it was written at the time, precluded an injured employee who accepts workers' compensation benefits from also receiving UIM benefits.

However, the Court also acknowledged that the issue "requires clarification from the legislature" to determine which injuries are covered by the WCA and which are covered under personal injury policies.[22]  The Court suggested that "recovery

---

[18] 19 *Del. C.* § 2304 (2016) [pre-amendment version].
[19] *Id.* at *4.
[20] *Id.*
[21] *Id.*
[22] *Id.*

under both is not fully aligned, meaning the exclusivity provision could operate to unfairly deprive an employee of much-needed benefits."[23]  Therefore, the Court suggested that there be a "clear legislative mandate" to explain any inconsistencies in coverage.[24]

In response to *Simpson*, the legislature amended the exclusivity clause of the WCA.  The post-amendment version of the WCA's exclusivity clause states:

> Except as expressly included in this chapter and *except as to uninsured motorist benefits, underinsured motorist benefits, and personal injury protection benefits*, every employer and employee, adult and minor, shall be bound by this chapter respectively to pay and to accept compensation for personal injury or death by accident arising out of and in the course of employment, regardless of the question of negligence and to the exclusion of all other rights and remedies.[25]

In other words, the post-amendment version of the WCA excepts UIM benefits from the exclusivity clause, such that an injured employee can recover both workers' compensation benefits and UIM benefits for the same injuries.  The post-amendment version of the WCA went into effect on September 6, 2016.

Following the amendment to the exclusivity clause of the WCA, the Superior Court in *Robinson v. State* was tasked with determining whether the post-amendment version would apply retroactively.[26]  This required the Court to analyze whether the

---

[23] *Id.*

[24] *Id.*

[25] 19 *Del. C.* § 2304 (effective Sept. 6, 2016) (emphasis added).

[26] 2017 WL 1363894 (Del. Super. Apr. 11, 2017), *aff'd*, 176 A.3d 1274 (Del. 2017).

amendment was a clarification or a substantive change, as only clarifications can apply retroactively.[27] The Court concluded that the amendment to the WCA's exclusivity clause was a substantive change because the legislature did not declare that the amendment was clarifying, because there was no conflict or ambiguity prior to the amendment, and because the post-amendment version is not consistent with a reasonable interpretation of the pre-amendment version.[28] Therefore, the Court concluded that the post-amendment version of the WCA does not apply retroactively.[29]

## II. Employee's Claim for UIM Benefits is Subject to the Pre-Amendment Version of the WCA.

Both the pre-amendment and post-amendment versions of the WCA's exclusivity clause provide that an employee is "bound" to accept workers' compensation for "personal injury or death by accident arising out of and in the course of employment."[30] In other words, once an employee is involved in an employment-related accident, he or she is thereby bound to accept workers' compensation for any injuries sustained therein. In this sense, the WCA is triggered

---

[27] *Id.* at *1.
[28] *Id.* at *2 (applying the standard set forth in *Trusz v. UBS Realty*, 2016 WL 1559563, at *5 (D. Conn. Apr. 18, 2016)).
[29] *Id.*
[30] 19 *Del. C.* § 2304 (2016) [pre-amendment version]; 19 *Del. C.* § 2304 (effective Sept. 6, 2016).

at the moment an employment-related accident occurs.[31] Accordingly, the applicable version of the WCA is the one in effect at the time of a particular employment-related accident.

Here, Employee was involved in an accident arising out of and in the course of his employment on September 29, 2015, approximately one year prior to the effective date of the amendment to the WCA. Therefore, the pre-amendment version of the WCA applies to Employee's receipt of workers' compensation benefits, and subsequent claim to UIM benefits. Under the exclusivity clause of the pre-amendment version of the WCA, Employee is prohibited from receiving both workers' compensation benefits and UIM benefits under Employer's insurance policy.[32] Therefore, Plaintiff is not entitled to receive UIM benefits under Employer's policy with CIC.

In addition, the Court notes that Plaintiff Darlene Henry's loss of consortium claim is derivative. In *Farrall v. Armstrong Cork Co.*, this Court held that the "derivative nature of [a spouse's] cause of action has resulted in the barring of a claim for loss of consortium where the spouse's exclusive remedy against the

---

[31] *See e.g.,* 19 *Del. C.* § 2303(b) (connecting the calculation of workers' compensation wages to the date of the injury); *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965) (stating that workers' compensation cannot be awarded unless and until "the claimant establishes by probative evidence that he suffered an injury and that such injury was the result of an accident taking place in the course of his employment").
[32] *Simpson*, 2017 WL 425010, at *4.

9

employer is workmen's compensation."[33]  Here, the Court has concluded that workers' compensation is Employee's exclusive remedy against Employer. Therefore, Plaintiff Darlene Henry's claim for loss of consortium must also fail.

Plaintiffs cannot establish under any reasonably conceivable set of circumstances that Employee is entitled to UIM benefits or that Plaintiff Darlene Henry is entitled to damages for loss of consortium.  Therefore, CIC's motion to dismiss must be granted.

### III. The Date that Plaintiffs Settled with the Tortfeasor Does Not Control.

Plaintiffs argue that Employee's claim for UIM benefits is subject to the post-amendment version of the WCA because Employee did not settle with the tortfeasor, and become entitled to UIM benefits, until after the amendment went into effect. Plaintiffs rely on the language of Delaware's UIM statute, which provides in relevant part that the "insurer shall not be obligated" to make UIM payments "until after the limits of liability under all bodily injury bonds and insurance policies available to the insured at the time of the accident have been exhausted by payment of settlement or judgments."[34]  Plaintiffs claim that Employee only became entitled to UIM benefits after settling with the tortfeasor on January 11, 2018, which is after the amendment to the WCA went into effect.  Therefore, Plaintiffs argue that

---

[33] 457 A.2d 763, 770 (Del. Super. 1983).
[34] 18 *Del. C.* § 3902(b)(3).

10

Employee's claim for UIM benefits should be subject to the post-amendment version of the WCA, such that Employee should be able to recover UIM benefits in addition to workers' compensation.

Plaintiffs' argument is without merit. It is true that in the ordinary course a person does not become entitled to UIM benefits until after he or she has exhausted the liability coverage under the tortfeasor's insurance policy.[35] However, Employee never became entitled to UIM benefits in this case, regardless of his settlement with the tortfeasor, because he accepted workers' compensation under a version of the WCA that prohibited him from also receiving UIM benefits.[36] The date of the accident giving rise to workers' compensation, and not the date that Employee settled with the tortfeasor, controls which version of the WCA applies to Employee's claim. Therefore, because the accident occurred prior to the amendment to the WCA, Employee's claim for UIM benefits is subject to, and prohibited by, the pre-amendment version of the WCA's exclusivity clause.

## CONCLUSION

The pre-amendment version of the WCA's exclusivity clause applies to Employee's claim for UIM benefits. As a result, Employee's workers' compensation benefits constitute Employee's exclusive remedy against Employer,

---

[35] 18 *Del. C.* § 3902(b)(3).
[36] *Simpson*, 2017 WL 425010, at *4.

11

such that he is prohibited from receiving UIM benefits under Employer's policy with CIC. In addition, the loss of consortium claim is derivative, and is barred where Employee's exclusive remedy against Employer is workers' compensation. Accordingly, this lawsuit must be dismissed, as there is no basis for relief.

**NOW, THEREFORE, this 31st day of July, 2018, Defendant Cincinnati Insurance Company's Motion to Dismiss is hereby GRANTED and the complaint is hereby DISMISSED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**