## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DAMON CARY, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. N21A-02-002 CLS |
| DELAWARE SECRETARY OF | ) | |
| STATE, JEFFERY W. BULLOCK, in | ) | |
| his official capacity | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

Date Submitted: February 11, 2022
Date Decided: March 28, 2022

*Upon Appellant's Appeal from a Final Order of the Secretary of State.*
**AFFIRMED.**

## ORDER

Michele D. Allen, Esquire, and Emily A. Biffen, Esquire, Allen & Associates Wilmington, DE, 19805, Attorneys for Appellant.

Zoe Plerhoples, Esquire, Delaware Department of Justice, Wilmington, Delaware, 19801, Attorney for Appellee, State of Delaware, Delaware Board of Medical Licensure and Discipline.

**SCOTT, J.**

1

## INTRODUCTION

The Delaware Controlled Substance Advisory Committee ("CSAC") recommended to the Delaware Secretary of State ("Secretary"), based on a Hearing Officer's findings that Appellant's, physician Damon D. Cary, D.O., ("Dr. Cary"), Controlled Substance Registration ("CSR") be suspended for one year and imposing a three-year probationary period after the suspension. The suspension and subsequent probation were to start on the date the Secretary signed the Final Order. The Secretary adopted the CSAC's recommendation and executed the Final Order with explanation for adoption on January 11, 2021. Dr. Cary now appeals the Final Order executed by the Secretary.

## LEGISLATIVE HISTORY AND STANDARD OF REVIEW

The Appellee here is Jeffrey W. Bullock, in his official capacity as the Secretary. The Delaware General Assembly has charged the Secretary with regulating the registration and control of the manufacture, distribution and dispensing of controlled substances within Delaware.[1] In order to lawfully write prescriptions for controlled substances, Delaware physicians must obtain a CSR from the Secretary.[2] The Secretary, after due notice and a hearing, may limit,

---

[1] 16 Del. C. § 4731.
[2] 16 Del. C. § 4733.

suspend, fine, or revoke the registration of any prescriber who has violated certain statutory requirements.

Following the enactment of HB 459 by the 145th General Assembly in 2010, a new administrative hearing process was created whereby a division hearing officer could conduct physicians' disciplinary hearings.[3] Pursuant to the newly enacted statute, hearing officers are empowered to:

> ... conduct hearings, including any evidentiary hearings. The testimony or evidence so taken or received shall have the same force and effect as if taken or received by the board or commission. Upon completion of such hearing or the taking of such testimony and evidence, the hearing officer shall submit to the board or commission findings and recommendations thereon. The findings of fact made by a hearing officer on a complaint are binding upon the board or commission. The board or commission may not consider additional evidence. When the proposed order is submitted to the board or commission, a copy shall be delivered to each of the other parties, who shall have 20 days to submit written exceptions, comments and arguments concerning the conclusions of law and recommended penalty. The board or commission shall

---

[3] 29 Del C. § 8735(v)(l)a; 77 Del. Laws, c. 325, §§ 23-26 (2010).

3

make its final decision to affirm or modify the hearing officer's recommended conclusions of law and proposed sanctions based upon the written record.[4]

Three years later, the Secretary's enabling statute regarding his regulation of controlled substance registrants was also amended, making clear that investigations would be conducted by a division pursuant to the same statute, and that hearings involving the discipline of controlled substance registrants would be conducted pursuant to the Delaware Administrative Procedures Act ("APA").[5]

From the enabling legislation, the Secretary is bound by the Hearing Officer's findings of fact and could not receive additional evidence. However, the Secretary could – and in fact did in this case – reject modify or affirm the Hearing Officer's conclusions of law and recommended sanctions.

This Court has the jurisdiction to entertain an appeal from final administrative orders of the Secretary under the APA.[6] On appeal from the Secretary's Orders, the Court must determine whether the decision is supported by "substantial evidence" and the agency "made no errors of law."[7] Substantial evidence is "such relevant

---

[4] 29 Del. C. § 8735(v)(l)d.
[5] 16 Del C. §§ 4735(a) & 4736(a); 79 Del. Laws, c. 164, § 1 (2013).
[6] 16 Del. C. § 4736(b); 29 Del. C. §§ 10102(4) & 10142(a).
[7] 29 Del. C. § 10142(d); *Sekyi v. Del. Bd. of Pharmacy*, 2018 WL 4177544, at *3 (Del. Super. Aug. 29, 2018); *Tri-State Liquor Mart, Ltd. v. Del. Alcoholic Beverage Control Comm'n*, 1995 WL 656872, at *2 (Del. Super. Oct. 2, 1995).

4

evidence as a reasonable mind might accept as adequate to support a conclusion."[8] The Court must review the record in a manner "most favorable to the prevailing party below;"[9] i.e., the Secretary. The Court has neither weighed the evidence itself nor made its own factual findings; rather, the Court has carefully reviewed the record to determine whether the evidence therein is adequate to support the Secretary's factual findings.[10]

The Court has also carefully reviewed the record to determine whether the Secretary could have "fairly and reasonably" reached their conclusions.[11] "It is a low standard to affirm and a high standard to overturn."[12] If the findings and conclusions are found to be based upon substantial evidence and there is no error of law, the decision must be affirmed.[13]

For the reasons set forth below, the Court finds, based on the record before it, the Secretary's decision to temporarily revoke Dr. Cary's CSR and subsequently

[8] *Sekyi*, 2018 WL 4177544, at *3 (quoting *Anchor Motor Freight v. Ciabattaoni*, 716 A2d 154, 156 (Del. 1998)).

[9] *Sekyi*, 2018 WL 4177544, at *3 (quoting *Bermudez v. PTFE Compounds, Inc.*, 2006 WL 2382793, at *3 (Del. Super. Aug 16, 2006)); *Gaskill v. State*, 2018 WL 3213782, at *1 (Del. Super. Jun. 29, 2018).

[10] *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965).

[11] *Sekyi*, 2018 WL 4177544, at *3 (citing *Nat'l Cash Register v. Riner*, 424 A.2d 669, 674-75 (Del. Super. 1980)).

[12] *Rooney v. Del. Bd. of Chiropractic*, 2011 WL 2088111, at *3 (Del. Super. Apr. 27, 2011).

[13] *Sokoloff v. Bd. of Med. Practice*, 2010 WL 5550692, at *5 (Del. Super. Aug. 25, 2010).

apply a probationary period are based upon substantial evidence and free from legal error.

## FACTUAL FINDINGS

As discussed above, the Secretary was bound by the facts as determined by the Hearing Officer, and this Court is bound by the facts as determined by the Secretary, so long as the evidence of record is adequate to support those facts and the Secretary has fairly and reasonably reached their conclusions. The Court will briefly state the facts of record the Court has considered, utilizing these standards.

In October of 2018, the Delaware Department of Justice ("DOJ") filed disciplinary complaints against Appellant, Dr. Cary, a Board-licensed Delaware physician, and controlled substances registrant since 2015, with the Secretary and the Secretary's designee, CSAC. The DOJ complaint alleged Dr. Cary had violated multiple statutes contained in the Delaware Uniform Controlled Substance Act ("DUCSA"). Dr. Cary's CSR was suspended until he could be heard on the matter. Dr. Cary subsequent agreed to delay his hearing from September 2019 to January 2020.

After a hearing, on September 23, 2020, the Hearing Officer issued a 200+ page Recommendation, with his findings of facts and conclusions of law specifically detailing multiple patient experiences, statutory violations, and repeated behavior. The CSAC utilized this Recommendation in its September 2020 deliberations and

gave Dr. Cary had the opportunity to be heard by allowing him to file written objections to the findings or recommendations made by the Hearing Officer. CSAC adopted all the findings of fact from the Hearing Officer's report however, it recommended a more severe discipline than that of the Hearing Officer. CSAC found the Hearing Officer's recommendations were insufficient to protect the public from the risk posed by Dr. Cary. On January 11, 2021, the Secretary, having received CSAC's recommendation, entered a Final Order adopting the recommendations from CSAC, finding that Appellant violated the DUCSA and the controlled substance regulations. The following is a non-exhaustive list of the facts upon which the Secretary relied, and which supported the Order:

• Dr. Cary never engaged in risk benefit discussions, never utilized any risk mitigation tools, never requested prior records, and failed to drug screen either undercover officer.

• Dr. Cary increased medication for the cooperating patient without documenting any medical justification.

• Dr. Cary prescribed to patient R.B. without prior treatment records and switched him to Percocet, which he received on at least one occasion with no office visit, and R.B. was subsequently arrested for selling Percocet on the street.

• Dr. Cary prescribed to patient E.M. without checking the PMP or performing a drug screen, prescribed benzodiazepines to E.M. without documented medical justification, and did not discuss the risks of concurrent opioid and benzodiazepine prescriptions to E.M.

• Patients C.R. and S.G. had multiple inconsistent urine drug screens over the entire course of their treatment with Dr. Cary and he never documented any substantive discussion of those screens or changed his prescribing to minimize the risk of diversion or medication abuse.

• Patient D.B. tested positive for unprescribed medications, including methamphetamines and morphine, on multiple occasions, and Dr. Cary continued to prescribe to him until he ultimately tested positive for heroin.

## PARTIES CONTENTIONS

Dr. Cary argues the Hearings Officer's recommendations and the Secretary's Final Order were substantially denied beyond the statutory requirements and therefore were a result of legal error. Dr. Cary contends he was denied due process as in the hearing before the hearing officer, he was improperly denied right to present evidence and testimony. Additionally, he believes expert testifying against him was improperly allowed to testify. Dr. Cary would like this Court to reverse the January 11, 2021 Order and impose the conditions set forth in Chief Hearing Officer of the Board's July 24, 2020 Order. Dr. Cary also contends the Secretary was required to

8

serve him with a written order suspending his CSR no more than 30 days after the hearing citing Administrative Procedures of 29 Del. C. § 10128 (f).

The State of Delaware, on behalf of the Secretary, argues Administrative Procedures of 29 Del. Code § 10128 (f) does not apply to the Secretary, the CSAC nor the Hearing Officer because the Secretary and CSAC are not listed under the specific State agencies which are subject to the rule. Additionally, the State argues Dr. Cary may not raise his issues regarding substantial delay before the hearing officer of the Board because he did not properly raise this when Dr. Cary was asked for his written exceptions to the findings of the hearing officer. On the issue of Due Process violation throughout the proceedings, the State contends the hearing process afforded Dr. Cary with the opportunity to be heard and present testimony on his behalf.

## ANALYSIS

This Court need only focus on the Final Order from the Secretary of State as the Court may not consider appellate issues not properly brought before it. Any argument regarding the objection to evidence relied on or findings of the Hearing Officer are not properly brought before this Court as Dr. Cary had the opportunity to be heard on those issues when he was before the CSAC. Additionally, the argument of substantial delay is similarly improper. Dr. Cary may not raise his issues regarding substantial delay because he did not properly raise this when he was

9

asked for his written exceptions to the findings of the hearing officer as to correct the record before the CSAC hear his case. Additionally, Dr. Cary agreed to delay his hearing for four months and this decision tolled his suspension until the proceedings concluded.[14] Similarly, Dr. Cary's argument regarding the Secretary was required to serve him with a written order suspending his CSR no more than 30 days after the hearing citing Administrative Procedures of 29 Del. C. § 10128 (f) is displaced as APA § 10161(a) provides the specific agencies the APA applies to, none of which include the Secretary nor the CSAC.

### *There was substantial evidence to support the Secretary of State's findings and enhanced penalty.*

According to the Secretary's Final Order and statutory law, the Secretary is bound by the findings of fact made by the Hearing Officer and may consult with CSAC and require CSAC to review the Hearing Officers recommendation before issuing an order. In this case, CSAC reviewed written submissions of the parties and verbal exceptions presented during CSAC's hearing with Dr. Cary, affording him the opportunity to be heard on the findings it is bound by. CSAC accepted and adopted the recommended conclusions of law of the Hearing Officer. However, CSAC recommended a one-year suspension of Dr. Cary's CSR and three-year probation following the suspension, a more severe punishment than the Hearing

---

[14] 16 Del. C. § 4737.

Officer's recommendation, because the Hearing Officer's recommendation did not protect the public from the risk posed by Dr. Cary. The Secretary relying, like CSAC, on the Hearing Officers findings of fact which outlined a pattern of concerning behavior including, but not limited to, not making use of urine drug screens, not documenting non-complying patients, giving prescriptions to non-complying patients without an office visit, and failure to discuss risks and benefits of opioids/benzodiazepines. The pattern of behavior exhibited by Dr. Cary is supported by substantial evidence as provided in the Hearing Officer's 200+ page report. Therefore, the Secretary's decision to adopt the same disciplinary action as recommended by the board is based on substantial evidence.

Additionally, Dr. Cary asserts the Secretary imposed sanctions (revocation of his CSR for one year and three-year probationary period following reinstatement) which are far more severe than those warranted by the facts, and which resulted at least in part from the Secretary's consideration of evidence improperly contained in the Hearing Officer's recommendations.

The choice of a sanction by an administrative agency, if based on substantial evidence and not outside its statutory authority, is a matter of discretion to be exercised solely by the agency. In reviewing for an abuse of discretion, the question is not whether the Court would have imposed these sanctions, but whether such sanctions are so disproportionate to the allegations in light of all the facts as to be

"shocking to one's sense of fairness."[15] This Court finds the sanctions are not disproportionate to the allegations to shock one's sense of fairness. The Court defers to the expertise and discretion of the Secretary.

## CONCLUSION

The Secretary's Final Order is supported by substantial evidence. The Court finds there is no error of law. Therefore, the Secretary's Final Order is **AFFIRMED.**

**IT IS SO ORDERED.**

/s/ Calvin L. Scott
**Judge Calvin L. Scott, Jr.**

---

[15] *Warmouth v. Del. State Bd. of Examiners in Optometry*, 514 A.2d 1119, 1123 (Del.Super.1985); *Decker v. Del. Bd. Of Nursing*, 2013 WL 5952103 (Del. Super. Nov. 7, 2013).

12