# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| REGINALD MURPHY, | ) ) ) ) | |
| Appellant | ) ) | C.A. No. N18A-06-003 CLS |
| v. | ) ) | |
| DELAWARE TRANSIT CORP., | ) ) | |
| Appellee. | ) ) ) ) | |

Date Submitted: December 31, 2018
Date Decided: February 4, 2019

Upon Consideration of Appellant's Appeal from the

Industrial Accident Board.

**AFFIRMED**

A. Dale Bowers, Esquire, Law Office of A. Dale Bowers, P.A., 203 N. Maryland Avenue, Wilmington, Delaware, 19804. Attorney for Appellant.

John J. Klusman, Esquire, Tybout Redfearn & Pell, 750 Shipyard Drive, Suite 400, Wilmington, Delaware, 19801. Attorney for Appellee.

**Scott, J.**

## Background

On January 2, 2017, Reginald Murphy sustained an injury to his cervical spine and right shoulder due to a work accident. For this injury, Murphy received total disability benefits based on his average weekly wage at the time of the work accident. On September 5, 2017, Murphy filed a petition with the Industrial Accident Board for additional compensation due alleging he sustained a brachial plexus injury at the time of the accident. Murphy's employer, Delaware Transit Corp., disputes the compensability of this injury and related medical expenses as to causation. On May 14, 2018, The Board denied Murphy's petition. Before the Court is Murphy's appeal from that decision.

## The Board's Finding of Fact

The Board determined that Murphy failed to meet his burden of proof to support the finding for any compensable brachial plexus injury related to Murphy's January 2017 accident.

The Board found the opinion of Dr. Tadduni, the Defense medical expert, to be more convincing than that of Murphy's treating chiropractor. The Board agreed with the Defense medical expert that Murphy's subjective complaints did not comport with the objective findings of two clinical examinations. Dr. Tadduni performed two defense medical examinations of Murphy in May and November 2017. Dr. Tadduni found that Murphy's subjective complaints did not comport with

the objective findings of the examination. Dr. Tadduni believed that Murphy's injury caused a strain of his bicep at or near the elbow.

Following his second examination of Murphy, and upon review of an EMG study performed by another doctor, Dr. Tadduni's opinion remained that objective examination results did not support the diagnosis of a brachial plexus injury. Dr. Tadduni opined that EMG studies have a subjective aspect as to how the test is performed, and that standing alone, the results will not be diagnostic of the injury complained.

The Board determined that the video showing the incident causing injury did not show the type of traumatic, abnormal movement which would typically cause a brachial plexus injury.[1] The Board noted that typical brachial plexus injuries are caused when the head or shoulder go in one direction and the arm in the other direction. The Board noted that the video evidence showed Murphy using his arm after the incident, taking notes, fastening his seatbelt, and dislodging something from the side of the bus.

The Board did not find the causation opinion of Dr. DiCola to be convincing as to any brachial plexus injury related to the January 2017 accident. The Board also determined Dr. DiCola's testimony to be inconsistent. Dr. DiCola treated Murphy

---

[1] *Murphy v. Delaware Transit Corp.*, IAB Hearing No. 1451879 (May 14, 2018), at 11, 12.

from January 2017 to September 2017 for his work injury. This treatment included 75 visits, treating a cervical disk problem and glenohumeral shoulder compromise. Only after an EMG study several months after treatment began did Dr. DiCola diagnose the brachial plexus injury, opining such an injury could result from any trauma or injury to the lower cervical spine roots. This opinion was inconsistent with the Defense medical expert. The Board noted that Dr. DiCola did not change Murphy's chiropractic treatment after the EMG study, eventually discharging Murphy from his care "for the work injury."[2]

Additionally, the Board did not find Murphy's own testimony to be wholly reliable to support his claimed brachial plexus injury related to the January 2017 injury. The Board noted Murphy's complaints of worsening pain were based on diffuse and multiple subjective complaints.[3] The Board relied on Murphy's lack of credibility in discounting the testimony of Dr. DiCola, as a physician's diagnosis and opinion are based on the veracity of a claimant's complaints.[4]

## Standard of Review

On appeal from the Industrial Accident Board this Court does not sit as a trier of fact with authority to weigh evidence, determine credibility, and make its own

---

[2] *Murphy v. Delaware Transit Corp.*, at 13.
[3] *Id*. at 14.
[4] *Id*.

factual findings and conclusions.[5] The Court's role is limited to determining whether the IAB's conclusions are supported by substantial evidence and free from legal error.[6] Substantial evidence is "such reasonable evidence as a reasonable mind might accept as adequate to support a conclusion."[7] When factual determinations are at issue, the Court will take into account the experience and specialized competence of the Board, and limit its review to a determination of whether the Board's decision is supported by substantial evidence.[8]

## Analysis

In this case the Board has supported its decision with substantial evidence, and that decision is free from legal error. The Board determined that Murphy failed to meet his burden of proof that a brachial plexus injury accompanied the January, 2017 work injury.

In cases where there is a substantial amount of medical evidence and the experts disagree, the need for clearly articulated findings is crucial, as it is the Board's function to resolve conflicts in the evidence presented.[9] When the Board's

[5] *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965).
[6] *Glanden v. Land Prep, Inc.*, 918 A.2d 1098, 1100 (Del. 2007).
[7] *Roos Foods v. Guardado*, 2016 WL 6958703, at *3 (Del. 2016); *Olney v. Cooch*, 42 A.2d 610, 614 (Del. 1981).
[8] 29 *Del. C.* § 10142 (d), *see also Lopez v. Parkview Nursing Home*, 2011 WL 900674, at *3 (Del. Super. Ct. 2015).
[9] *Carey v. H & H Maint., Inc.*, 2001 WL 985114, at *2 (Del. Super. Ct. 2001), aff'd, 792 A.2d 188 (Del. 2002).

decision rests solely on the persuasiveness of deposition testimony, and not specific findings of fact, there is an insufficient foundation for appellate review.[10]

In its May 14, 2018 decision, the Board specified that it found the testimony of Dr. Tadduni more convincing than that of Dr. DiCola. The Board articulated the evidence it relied upon to reach its decision, addressing conflicts in the witnesses' testimony as necessary. The Board found that Dr. Tadduni's examinations of the Claimant did not yield an objective diagnosis of a brachial plexus injury, despite the Claimant's subjective complaint otherwise. The Board found that as of Dr. Tadduni's first medical exam in May 2017, objective testing did not support the diagnosis of a brachial plexus injury. At that time Dr. Tadduni believed that the work injury caused a strain of the biceps at or near the elbow.[11]

Dr. Tadduni's opinion after his second examination in November 2017, was consistent with his initial opinion; the objective results of the examination did not support a brachial plexus diagnosis.[12] Dr. Tadduni and the Board agree that the results of Murphy's EMG study, standing alone, are insufficient to diagnose a brachial plexus injury.

The Board agreed with Dr. Tadduni's observation that the video of the accident causing injury did not show the type of traumatic jarring or abnormal

---

[10] *Carey v. H & H Maint., Inc.*, at *2.
[11] *Murphy*, at 11.
[12] *Id.*

movement normally associated with a brachial plexus injury.[13] In agreeing with Dr. Tadduni, the Board stated that it was not convinced by Dr. DiCola's causation opinion that a brachial plexus injury could result from any trauma to the lower cervical spine roots.

The Board expressed skepticism of Dr. DiCola's diagnosis and causation opinion. The Board noted Dr. DiCola's treatment did not change as a result of the EMG study. However, after a July 2017 MRI showed pre-existing cervical spine herniation and radiculitis, Dr. DiCola referred Murphy for a surgical diagnosis.[14] The Board further noted the confusing discord between Dr. DiCola's opinion that Murphy is not fully recovered from the work accident, despite discharging him from care "for the work injury," and his recommendation of continued twice weekly chiropractic maintenance visits.[15]

The Board also took note of the discrepancy between the testimony by Dr. DiCola and Murphy. The Board determined that Murphy's own testimony was not wholly reliable.[16] While Dr. DiCola agreed that his monthly reports indicated chiropractic treatment continued to improve cervical range of motion, Murphy's own testimony was that his symptoms continued to worsen during the same period.

---

[13] *Id.* at 12.
[14] *Murphy*, at 13.
[15] *Id.*
[16] *Id.* at 14.

The Board is free to reject an expert's conclusion as to causation when the expert's opinion is based upon the patient's subjective complaints and the Board finds the underlying facts to be different.[17] The Board determined Murphy's "diffuse and multiple subjective complaints" did not support a finding that a brachial plexus injury accompanied the injuries previously accepted by the employer.[18]

## Conclusion

The Industrial Accident Board's decision to deny additional benefits due for a brachial plexus injury is supported by substantial evidence. The decision is unambiguous and free from legal error. Therefore, the Board's decision to deny additional benefits on the January 2017, injury claim is **Affirmed**.

/s/ Calvin L. Scott
**Judge Calvin L. Scott, Jr.**

---

[17] *Breeding v. Contractors-One-Inc.*, 549 A.2d 1102, 1104 (Del. 1988).
[18] *Murphy*, at 14.