# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| DAVID S. NEAL, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. N25A-09-002 CLS |
| DELMARVA POWER & LIGHT | ) | |
| COMPANY, | ) | |
| | ) | |
| Appellee. | ) | |

Date Submitted: January 14, 2026
Date Decided: April 14, 2026

## ORDER

*On Appeal from the Court of Common Pleas*,
**AFFIRMED**.

David S. Neal, *Pro se Appellant*.

Brian Jordan, Esquire of DELMARVA POWER & LIGHT COMPANY, *Attorney for Appellee*.

**SCOTT, J.**

Before the Court is Davis S. Neal's ("Appellant") appeal of a judgment from the Court of Common Pleas dismissing Appellant's Complaint against Delmarva Power & Light Company ("Delmarva") under Court of Common Pleas Rule 12(b)(1). The Court has reviewed the parties' submissions and the record below. For the following reasons, the court's decision is **AFFIRMED**.

## FACTUAL AND PROCEDURAL BACKGROUND

Delmarva is a public utility company that provides electric and gas services to customers in Delaware and Maryland.[1] The Delaware Electric Tariff (the "Tariff") controls the contractual relationship between Delmarva and its customers.[2] The Delaware Public Service Commission (the "Commission") has the power to supervise and regulate all public utilities.[3]

In June 2021, Appellant established an account with Delmarva for residential electric service at his home in Wilmington, Delaware.[4] At the time, residential electric service was the only type of service offered to Appellant, and Delmarva did not otherwise "inform [Appellant] that he might be eligible for any other available rate categories."[5]

---

[1] Compl. ¶¶ 2,5.
[2] Current Rates, Programs and Processes (Delaware), *at* https://www.delmarva.com/my-account/my-dashboard/rates-tariffs/delaware-electric/current-tariffs (last visited April 10, 2026).
[3] 26 *Del. C.* § 201(a).
[4] Compl. ¶ 5.
[5] *Id.* ¶¶ 6, 7.

In July 2024, Appellant became aware of the Tariff.[6] From the Tariff, Appellant concluded that he qualified for a cheaper service classification.[7] But when Appellant contacted Delmarva to request a change in service plan, Delmarva told Appellant that the change was "not available."[8] After filing a formal complaint with the Commission, however, Delmarva allegedly "admitted that [Appellant] was eligible for" the requested service classification, which went into effect at Appellant's home on September 13, 2024, and reduced his utility bill.[9]

On October 5, 2024, Appellant filed a Complaint in the Court of Common Pleas against Delmarva for breach of contract and consumer fraud.[10] The Complaint alleges that Delmarva breached its contract with Appellant because the Tariff required Delmarva to advise and assist customers in picking the best service plan.[11] Thus, Appellant claims he was overbilled for over three years.[12] Appellant also alleges a second cause of action in the Complaint for consumer fraud based on

---

[6] *Id.* ¶ 11.
[7] *Id.* ¶ 12.
[8] *Id.* ¶¶ 16–17.
[9] *Id.* ¶¶ 22–26; In its opinion, the court notes that the formal complaint was resolved by the Commission when it granted Delmarva's motion to dismiss, finding that it did not violate the Tariff by not switching the service classification when Appellant asked. *Neal v. Delmarva Power & Light Co.*, Del. CCP C.A. No. CPU4-24-003917, Mayer, J. (Aug. 27, 2025), at n.4.
[10] *See generally Compl.*
[11] *Id.* ¶¶ 46, 52–61.
[12] *Id.* ¶¶ 54–56.

Delmarva's failure to inform Appellant, and other customers, of more advantageous service plans.[13]

On November 4, 2024, Delmarva filed a Motion to Dismiss under Court of Common Pleas Rules 12(b)(1) and 12(b)(6).[14] Specifically, Delmarva argued that the court lacked subject matter jurisdiction over this action because the Commission is vested with exclusive jurisdiction under 26 *Del. C.* § 201(a).[15] Appellant filed a Response in opposition to Delmarva's Motion to Dismiss on December 9, 2024.

At oral argument on January 24, 2025, Appellant conceded his claim for consumer fraud.[16] The court reserved its decision on Delmarva's Motion to Dismiss pending supplemental briefing and again held oral argument on June 27, 2025.

On August 27, 2025, the court issued its decision, granting Delmarva's Motion to Dismiss on the grounds that it lacked subject matter jurisdiction over Appellant's claims.[17] The court reasoned that because Appellant's claims deal with the interpretation of the Tariff and not a billing dispute, the Commission has exclusive jurisdiction over the matter under Section 201(a).[18] The court stated that Appellant

---

[13] *Id.* ¶¶ 62–74.
[14] *See generally* Def.'s Mot. to Dismiss.
[15] *Id.* ¶ 9.
[16] *Neal v. Delmarva Power & Light Co.*, Del. CCP C.A. No. CPU4-24-003917, Mayer, J. (Aug. 27, 2025), at n.5.
[17] *See generally id.*
[18] *Id.* at 8–9.

may have recourse in a Delaware Court under 26 *Del. C.* § 312 pending a decision on the Tariff by the Commission.[19]  Appellant now appeals the court's decision.

Appellant filed an Opening Brief on December 10, 2025.[20]  Delmarva answered on December 29, 2025.[21]  Appellant filed a reply on January 14, 2026.[22] The matter is now ripe for decision.

## STANDARD OF REVIEW

In reviewing appeals from the Court of Common Pleas, the Superior Court sits as an intermediate appellate Court.[23]  "As a rule, issues not raised in the trial [c]ourt shall not be heard on appeal."[24]  This Court's role is to "correct errors of law and to review the factual findings of the Court below to determine if they are sufficiently supported by the record and are the product of an orderly and logical deductive process."[25]  This Court does not sit as the trier of fact with the authority to

---

[19] *Id.*
[20] *See generally* Opening Br., D.I. 8.
[21] *See generally* Answering Br., D.I. 11.
[22] *See generally* Reply Br., D.I. 15.  Appellant requested oral argument, but the Court, in its discretion under Superior Court Civil Rule 78(c) declined to schedule oral argument.
[23] *Talley-Siders v. Mayhorn*, 2018 WL 5046095, at *2 (Del. Super. Oct. 17, 2018) (citing *State v. Richards*, 1998 WL 732960, at *1 (Del. Super. May 28, 1998)).
[24] *Wais v. Thompson*, 2023 WL 2641489, at *3 (Del. Super. Mar. 24, 2023) (citing *Wilmington Tr. Co. v. Conner*, 415 A.2d 773, 781 (Del. 1980)).
[25] *Id.* (quoting *Tekstrom, Inc. v. Salva*, 2006 WL 2338050, at *4 (Del. Super. July 31, 2006), *aff'd*, 918 A.2d 1171 (Del. 2007)) (internal quotation marks omitted).

weigh the evidence, determine questions of credibility, or make its own factual findings and conclusions.[26] Questions of law are reviewed *de novo*.[27]

## DISCUSSION

### I. The issues raised regarding the consumer fraud claim and due process violations are waived.

As a preliminary matter, the Court agrees with Delmarva[28] that any argument raised concerning the consumer fraud claim and the due process violations are waived. Appellant argues in his Opening Brief that the Complaint states a claim for consumer fraud and that the Court's failure to reverse the lower court's decision would result in a due process violation.[29]

First, Appellant voluntarily withdrew his claim for consumer fraud at the January 24, 2025 oral argument and has not addressed it since. Second, the purported due process violations were not raised below despite multiple opportunities to do so.[30] Therefore, the Court finds that it is not appropriate to consider these issues and Appellant's related arguments on appeal.

---

[26] *Coverdale v. Witcher*, 2022 WL 1438772, at *4 (Del. Super. May 4, 2022) (citing *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965)).

[27] *Wais*, 2023 WL 2641489, at *3 (citing *Downs v. State*, 570 A.2d 1142, 1144 (Del. 1990)).

[28] *See* Answering Br. at 5–9.

[29] Opening Br. at 9–12.

[30] Appellant has not raised a constitutional argument even though Delmarva's Motion to Dismiss was fully briefed, the court provided the parties with the opportunity to submit supplemental briefing, the court held two oral arguments on the matter, and the question of the court's subject matter jurisdiction over the claims has been an issue since the beginning of litigation.

**II.    The Court of Common Pleas correctly concluded that it lacked subject matter jurisdiction over Appellant's claims under 26 *Del. C.* § 201(a).**

The only remaining issue on appeal is whether the court's finding that the Commission has exclusive jurisdiction to hear Appellant's claim is free from legal error. Appellant argues that the court erred because the Complaint alleges a billing dispute, which the Commission has no jurisdiction over.[31] Delmarva, on the other hand, proffers that the court's decision is free from legal error.[32]

Under Court of Common Pleas Rule 12(b)(1), the court may dismiss a case "if the record does not support a finding that the [c]ourt has subject matter jurisdiction over a claim."[33] The burden is on the plaintiff to prove that the court has subject matter jurisdiction.[34]

Under 26 *Del. C.* § 201(a), the "Commission shall have exclusive original supervision and regulation of all public utilities[.]" Generally, the Commission "has broad authority over the 'supervision and regulation of all public utilities,' [but] the Delaware Supreme Court has held that billing disputes are for a court to decide."[35] Consequently, the Court's jurisdiction supersedes the Commission's only where a

---

[31] Opening Br. at 4–8.
[32] Answering Br. at 11.
[33] *Nally's Auto Plaza, Inc. v. Wilson*, 2024 WL 1110948, at * 2 (Del. Com. Pl. Mar. 14, 2024) (citing *Knight Broadband LLC v. Knight*, 2022 WL 1788855, at *8 (Del. Super. June 2, 2022)).
[34] *Id.* (quoting *Pitts v. City of Wilmington*, 2009 WL 1204492, at *5 (Del. Ch. Apr. 27, 2009)).
[35] *Whipple v. Pepco Holdings, Inc.*, 2015 WL 4400039, at *4 (Del. Super. July 16, 2015) (citing *Artesian Water Co. v. Cynwyd Club Apartments, Inc.*, 297 A.2d 387, 389 (Del. 1972) (holding that while water quality is within the Commission's jurisdiction of regulating public utilities, the resolution of a debt controversy was within the Court's jurisdiction)).

dispute falls "squarely in the realm of billing issues."[36]  Conversely, matters concerning the interpretation of the Tariff are within the Commission's jurisdiction as such disputes relate to the Commission's "regulatory and supervisory responsibility" over a public utility service.[37]

Appellant relies on two decisions from the Commission in support of his argument:  *Fox v. Delmarva Power & Light Company,*[38] and *Fishing, Incorporated v. Delmarva Power & Light Company*.[39]  According to Appellant, like the case at bar, the Commission concluded that it did not have jurisdiction over cases where "Delmarva's failure to comply with its [T]ariff obligations led to years of overbilling [for which Appellant] seeks refunds and related damages."[40]

The Court agrees that *Fox* and *Fishing, Incorporated* are like the case here. What Appellant fails to consider, however, is that the Commission resolved the issues from the complaints regarding the interpretation of the Tariff before any billing disputes were addressed.  In *Fox*, before the Commission concluded that the complainant's billing dispute was a matter outside of its jurisdiction, it found that Delmarva did not violate the Tariff.[41]  Similarly, in *Fishing, Incorporated*, the

---

[36] *Id.* (quoting *Malwai v. PHI Serv. Co.*, 2012 WL 986751, at *2–3 (Del. Com. Pl. Feb. 22, 2012)).

[37] *Georgia-Pacific Corp. v. Delmarva Power & Light Co.*, 1992 WL 396307, at *6 (Del. Ch. Dec. 31, 1992).

[38] PSC Docket No. 402-14 (June 16, 2025).

[39] PSC Docket No. 18-1018 (Jan. 15, 2019).

[40] Opening Br. at 4–6.

[41] *Fox v. Delmarva Power & Light Co.*, PSC Docket No. 402-14 (June 16, 2015) Ex. A.

Commission resolved the complainant's claims regarding interpretation of the Tariff and whether Delmarva could transfer an outstanding balance from a first account to a second account, but reserved any decision on a refund.[42]

The court correctly concluded that Appellant is not alleging a billing dispute. Nothing in the Complaint states that the billing for any service classification was unreasonable. While Appellant is seeking a refund for the time in which he did not have the most advantageous service classification, that determination cannot be made without deciding whether Delmarva violated the Tariff—the contract governing the parties' relationship—by "failure to comply with its [T]ariff obligations[.]"[43] Whether Delmarva failed to comply with its Tariff obligations is a matter of public policy and subject to the Commission's broad authority and supervision over the regulation of all public utilities in Delaware.

The Court also notes that contrary to Appellant's assertions otherwise, the court did not rely on 26 *Del. C.* § 312 in finding that it lacked subject matter jurisdiction. Rather, the court noted that once, and if, the Commission determines Appellant is owed a refund based on its interpretation of the Tariff, then Appellant can sue in a court of law for money damages under Section 312. The court's dicta on this point has no bearing on whether it has subject matter jurisdiction under

---

[42] *Fishing, Inc. v. Delmarva Power & Light Co.*, PSC Docket No. 18-1018 (Jan. 15, 2019), Ex. 1.
[43] Opening Br. at 6.

Section 201(a). Accordingly, the court did not commit legal error by finding that it lacked jurisdiction under Section 201(a).

## CONCLUSION

For the foregoing reasons, the Court of Common Pleas' decision is **AFFIRMED**.

**IT IS SO ORDERED.**

/s/ *Calvin Scott*
Judge Calvin L. Scott, Jr.